■ In the Matter of the Claim of HOWARD G. BROOKS, Respondent, against LYLE RIDGEWAY, Doing Business as DAYLY COMPANY, et al., Appellants-Respondents, and GEORGE MARTAKIS et al., Respondents-Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by two separate employers, one Ridgeway and one Martakis, and their respective carriers, from an award of disability compensation which was apportioned between the two employers. Each appellant contends that there is no substantial evidence to support findings of accident and causal relation. Claimant was a painter and both employers were painting contractors. On April 27, 1953, while employed by Ridgeway, claimant was painting a gas station and was working alone. In preparation for the painting it was necessary for him to move a pile of used tires, 40 or 50 in number, and heavy oil drums. He had to carry and erect heavy scaffolding. While working on that day he experienced severe chest pains, and on May 4, 1953 he told his foreman he could not continue working because the work was too hard for him. On May 7, 1953, while employed by Martakis, claimant was also required to put up scaffolding and, among other things, to reach above his head to paint ceilings. While so doing he experienced another severe attack of pain in the chest, which attracted the attention of a coemployee. On the same day claimant consulted a doctor, who prescribed for coronary difficulty and told him to stop working. He did work one more day, experiencing several episodes of pain in his chest during the day, whereupon he ceased work. On May 11, 1953, claimant collapsed on the sidewalk and became unconscious. On May 15, 1953, after leaving his doctor's office, claimant again collapsed on the street and was removed to a hospital, where his condition was diagnosed as an acute coronary occlusion with myocardial infarction. There is adequate evidence in the record to justify the findings of the board that the strain and effort of claimant's work caused accidental injuries on April 27, 1953, and that the strain and effort of his work on May 7, 1953, aggravated the condition. There is ample evidence

that the work exceeded the ordinary wear and tear of life. (*Matter of Schechter v. State Ins. Fund,* 6 N Y 2d 506.) While the medical evidence as to causal relation is conflicting, there is adequate testimony which the board could accept which directly related claimant's disability to the effort and exertion of both employments. Once it is established that the disability is due in part to two or more employments, the question of apportionment is peculiarly one of fact, and we find nothing in this record to warrant interference with the board's determination in that regard. Award unanimously affirmed, with one bill of costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.