THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HARVEY, Appellant.—Mahoney, P. J.

After plea negotiations, defendant, represented by counsel, agreed to plead guilty to a reduced charge of first degree assault in exchange for a promised sentence of an indeterminate term of imprisonment of 3⅓ to 10 years. As part of the plea, defendant clearly and unequivocally waived his right to appeal. The promised sentence was imposed. Defendant now appeals, contending that the sentence was harsh and excessive.

The People ask this court to enforce defendant's waiver of his right to appeal and dismiss the appeal. In *People v Jandrew* (101 AD2d 90), this court noted that after a plea of guilty, a defendant's right to appeal from a sentence or from the denial of a suppression motion are statutory and not of constitutional dimension. In that case, it was held that a knowing, voluntary and intelligent waiver of the right to appeal from a suppression motion will be given effect (*id.,* p 91). We reaffirmed this holding in *People v Lucas* (106 AD2d 821). The same reasoning should apply to a waiver of the right to appeal from a sentence.

We note that the recent decision of the Court of Appeals in *People v Pollenz* (67 NY2d 264) does not mandate a different result. In that case, a statute which purported to disallow an appeal as of right to the Appellate Division where the sole issue raised is the excessiveness of a negotiated sentence imposed by a judgment rendered upon a guilty plea was declared unconstitutional (*id.*). The basis for such a decision was that the statute imposed a limitation or condition on the jurisdiction of the Appellate Division in contravention of NY Constitution, article VI, § 4 (k) (*id.,* pp 267-268). The Court of Appeals did not address the issue of whether the right to

appellate review of a sentence is of constitutional dimension *(id.,* p 268, n 3).

In conclusion, we hold that where, as part of a negotiated plea, a defendant clearly waives his right to appeal from the offered sentence, and the sentence is lawful, such waiver will be given effect so long as it is knowing, voluntary and intelligent. Therefore, in this case, defendant's appeal is dismissed.

Appeal dismissed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.