■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE B. LESTER, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered October 28, 1986, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

Pursuant to a negotiated bargain, defendant pleaded guilty to a reduced charge of attempted criminal possession of a forged instrument in the second degree and was sentenced to an indeterminate term of 1 to 3 years' imprisonment. The charge related to the possession of a forged prescription slip for Sanorex, a controlled substance. Defendant's sole contention, that the sentence was harsh and excessive, is unpersuasive. The sentence was within the scope of the statutory guidelines and the plea bargain. We note that during the initial plea allocution, County Court indicated that, all things being equal, a sentence of five years' probation would be imposed. Upon reviewing the presentence report, however, the court rescinded that proposal and offered defendant an opportunity to withdraw his plea. Although the minutes of that proceeding have not been included in the record, the ultimate sentencing minutes confirm that defendant opted not to withdraw his guilty plea, but accepted an alternative sentence of 1 to 3 years in prison. No challenges to this alternative plea have been made.

While we have thus reviewed the merits of defendant's appeal, we take note that during the plea allocution, defendant, through his attorney, expressly waived his right to

appeal. Surprisingly, however, neither party has addressed the consequences of such a waiver, but simply proceeded to an assessment of defendant's excessive sentence claim. It is difficult to comprehend why the waiver has been ignored by both parties upon this appeal. At the very least, having secured or acceded to the inclusion of a waiver within the terms of the plea bargain, it was incumbent upon the District Attorney to inform this court of the event. We recognize that the waiver colloquy was exceedingly brief. However, since there is no indication that the waiver was other than knowing and voluntary, it should be given effect and the appeal dismissed (see, *People v Harvey,* 124 AD2d 943, 944, *lv denied* 69 NY2d 746). In so deciding, we do not mean to suggest that a sentencing court may invoke an across-the-board waiver in every negotiated plea situation. Sentencing is a matter of discretion dictated by the facts of the individual case confronted. Whether a waiver of the right to appeal should be invoked necessarily depends on the circumstances peculiar to each case.

Appeal dismissed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.