■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SMITH, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Turner, Jr., J.), rendered July 6, 1987, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and attempted burglary in the third degree.

Defendant was indicted, *inter alia,* on three counts of burglary in the third degree, one count of grand larceny in the third degree and one count of attempted grand larceny in the second degree. The crimes allegedly occurred on four different dates. Defendant entered pleas of guilty to burglary in the third degree and attempted burglary in the third degree in full satisfaction of the indictment and was sentenced to consecutive terms of imprisonment of 3 to 6 years and 1½ to 3 years, respectively, all in accordance with a plea bargain which was placed on the record. Defendant now urges on this

appeal that the sentence was unduly harsh and excessive and that he was denied effective assistance of counsel.

During the plea allocution, defendant, after discussing the matter with his attorney, expressly waived his right to appeal. Since there is no indication in the record that the waiver was other than knowing and voluntary *(see, People v Di Orio,* 99 AD2d 593, 594; *cf., People v Veaudry,* 133 AD2d 524, *lv denied* 70 NY2d 804), this appeal must be dismissed *(see, People v Lester,* 137 AD2d 871; *People v Koskowski,* 134 AD2d 743; *People v Harvey,* 124 AD2d 943, 944, *lv denied* 69 NY2d 746).

In any event, even were this not so, defendant's contention that the sentence is harsh and excessive is unpersuasive. His plea was voluntarily made with a clear understanding of the sentence to be imposed. In view of defendant's prior record, we find the sentence, which was not the maximum, to be clearly justified. This court has consistently held that "[t]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances" *(People v Harris,* 57 AD2d 663; *see, People v Robinson,* 65 AD2d 896).

Last, we find equally untenable defendant's claim that he was denied effective assistance of counsel *(see, People v Cogswell,* 127 AD2d 871). Counsel successfully negotiated a plea and sentence considerably less than the maximum allowable. On the record before us, we find no substance to defendant's argument that counsel coerced his guilty plea. We conclude that defendant was provided meaningful representation *(see, People v Baldi,* 54 NY2d 137).

Appeal dismissed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.