■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. COLANTONIO, Appellant.—Per Curiam. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 7, 1987, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Following a negotiated plea bargain, defendant entered a plea of guilty to the reduced charge of attempted burglary in the second degree. According to the plea agreement defendant

was sentenced as a second felony offender to an indeterminate term of imprisonment of 3½ to 7 years. Defendant also voluntarily, knowingly and intelligently waived his right to appeal from his conviction based upon his plea of guilty. Defendant was represented by counsel during these proceedings.

The People, in a brief submitted on this appeal, request that this court enforce defendant's waiver of his right to appeal and dismiss this appeal. Defendant does not address the issue of the effect of such waiver in his brief.

In *People v Maye* (143 AD2d 483), this court recently adhered to the waiver rule delineated in *People v Harvey* (124 AD2d 943, *lv denied* 69 NY2d 746) and expounded upon in *People v Lester* (137 AD2d 871, *lv denied* 71 NY2d 898). Application of the rule here warrants enforcement of defendant's waiver. The plea minutes confirm that defendant proceeded with the advice of counsel and was specifically informed that a prison sentence of 3½ to 7 years could be imposed *(cf., People v Maye, supra)*. Since there is no indication that the waiver was other than knowing and voluntary, the appeal should be dismissed.

Appeal dismissed. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.