■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENSLEY CREEDEN, Appellant.—Appeal from a judgment of the County Court of Ulster County (Traficanti, Jr., J.), rendered July 22, 1986, convicting defendant upon his plea of guilty of the crime of grand larceny in the second degree.

Defense counsel moves to be relieved of her assignment as defense counsel. She avers that upon an examination of the record and after due communication with her client, there are no meritorious issues to be presented on appeal. We agree. An examination of the record discloses that the appeal is frivolous. Consequently, the judgment of conviction should be affirmed and defense counsel's request should be granted (see, People v Rosario, 135 AD2d 949; People v Crawley, 130 AD2d 879; People v Cruwys, 113 AD2d 979, lv denied 67 NY2d 650).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.

■ In the Matter of the Claim of CHARLES WILLIAMS, Appellant, v BLOVSKY MOTOR SALES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed April 13, 1987.

Claimant sustained a compensable back injury on October 5, 1979. On August 26, 1981, he reinjured his back in a noncompensable accident requiring surgical intervention. The Workers' Compensation Board found that the accident of August 26, 1981 aggravated claimant's previous compensable injury and constituted a new accident. Accordingly, it apportioned liability equally between the two accidents. Claimant appeals, contending that the decision is against the weight of the evidence. We disagree.

The Board, in the exercise of its fact-finding power, may select which portion of a medical expert's testimony it deems persuasive and reject any other part (see, Matter of Forte v Larchment Manor Park Socy., 74 AD2d 664, lv denied 49 NY2d 709). It is also up to the Board to determine the additional question of fact as to the apportionment of responsibility (see, Matter of Brooks v Ridgeway, 9 AD2d 795). Given these conclusions and based upon the record before us, the Board's decision should be affirmed.

Decision affirmed, with costs to claimant against the insurance carrier (see, 22 NYCRR 800.9 [d]). Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.