■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUTH HIBBARD, Appellant.—Weiss, J. Appeals (1) from a judgment of the County Court of Broome County (Monserrate, J.), rendered August 26, 1988, convicting defendant upon her plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered November 4, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

On August 28, 1987, defendant injected her 74-year-old mother, a nursing home patient suffering from Alzheimer's disease, with an overdose of humulin-type insulin which produced a hypoglycemic coma.* Defendant was arrested on September 17, 1987 following a State Police investigation and indicted on a charge of attempted murder in the second degree. A deadlocked jury resulted in a mistrial. Shortly before a second trial was to commence, defendant pleaded guilty pursuant to a negotiated bargain to a reduced charge of assault in the second degree and was sentenced to a term of 1½ to 4½ years in prison. The plea included a waiver of the right to appeal. Defendant moved to vacate the judgment, contending her plea allocution was insufficient, that her plea was coerced by her attorney and that she had not received effective assistance of counsel. The motion was denied, as was her CPL 440.10 motion to vacate the judgment of conviction. Defendant appealed from the conviction and, by permission, from the denial of her CPL 440.10 motion.

Initially, we note that the record fully supports the conclusion that defendant's waiver of her right to appeal was knowingly and voluntarily made, and that she understood what she was doing and the effect of her waiver. She had already experienced one full trial and was facing a second trial. She sought to avoid a repetition and the effect of another trial upon her family and herself. A full evidentiary hearing was held which, together with the plea allocution, provide sufficient evidence to support the validity of the waiver. Under similar circumstances, this court has upheld waivers of the right to appeal (see, e.g., People v Colantonio, 144 AD2d 730; People v Lester, 137 AD2d 871, lv denied 71 NY2d 898; cf., People v Seaberg, 139 AD2d 53, lv granted 72 NY2d 1049).

Were we to reach the merits, we would reject defendant's arguments that her plea allocution was insufficient. The relevant assault charge is defined as follows: "For a purpose other than lawful medical or therapeutic treatment, [she] intentionally causes stupor, unconsciousness or other physical impairment or injury to another person by administering to [her], without [her] consent, a drug, substance or preparation capable of producing the same" (Penal Law § 120.05 [5]).

Defendant's assertion that the plea minutes fail to establish a factual predicate for the conviction is unconvincing (see, People v Lopez, 71 NY2d 662). Although she denied any intent to kill or harm her mother, the statute is satisfied upon proof

---

* Prompt medical treatment saved the mother's life.

of intent to cause stupor or unconsciousness, regardless of whether the defendant views such results as harmful *(see, People v Gerhath,* 77 AD2d 628; 1 Callaghan, Criminal Law in New York § 17:14, at 22 [3d ed]). The record indicates that defendant was aware of the effect of the injection and ostensibly intended to produce a state of insulin shock or coma that somehow would improve her mother's condition. Regardless of defendant's motive, the deliberate injection substantiates her conviction. Nor was defendant a stranger to the plea bargain process, having previously pleaded guilty to a criminal charge. Having presided over pretrial hearings and a full trial, County Court's knowledge of defendant's contentions was not limited solely to her plea allocution. Moreover, it is not sufficient for a defendant seeking to set a plea aside to aver that counsel incorrectly appraised the facts or failed to pursue certain factual inquiries which might have uncovered other defenses or possible constitutional infirmities *(see, United States v Broce,* 488 US —, —, 109 S Ct 757, 764).

Finally, the record belies defendant's argument that she was denied effective assistance of counsel. Defense counsel made appropriate investigations and motions, participated in one full trial ending with a deadlocked jury, and successfully negotiated a substantial reduction in the charge with the minimum sentence provided. Further, defendant withheld her admission of guilt from counsel during the entire first trial which resulted in an entirely different defense strategy. Although counsel may be subject to criticism for obtaining a confession of judgment on the eve of trial for his fee from defendant, we do not find that this detracted from the quality of his legal services in providing her with meaningful representation *(see, People v Baldi,* 54 NY2d 137).

Appeals dismissed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.