■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN YOLI, Appellant.—Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Seidell, J.), entered December 22, 1988, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered August 1, 1985, convicting him of murder in the second degree, upon the ground of newly discovered evidence.

Ordered that the order is affirmed.

The defendant was convicted of murder in the second degree for the shooting death of his wife in their home. During the defendant's jury trial, testimony was received from Ira Dubey, a forensic expert, on behalf of the People. It was subsequently discovered that Mr. Dubey had previously committed perjury concerning his credentials in other criminal cases.

The defendant moved to vacate his judgment of conviction pursuant to CPL 440.10 based upon newly discovered evidence, that is, that the jury should have been made aware of the witness' prior perjurious conduct so that his credibility could be evaluated.

We find that the motion was properly denied.

In order for evidence to be considered newly discovered, within the meaning of the statute, six criteria must first be satisfied. The evidence "must be such as will probably change the result if a new trial is granted * * * [i]t must have been discovered since the trial * * * [i]t must be such as could have not been discovered before the trial by the exercise of due diligence * * * [i]t must be material to the issue * * * [i]t must not be cumulative to the former issue; and * * * [i]t must not be merely impeaching or contradicting the former evidence" (see, People v Priori, 164 NY 459, 472; People v Salemi, 309 NY 208, 216, cert denied 350 US 950; see also, People v Latella, 112 AD2d 321; People v Balan, 107 AD2d 811, 814-815).

While it is clear that the defendant could not have discovered such evidence prior to his trial, the remaining criteria have not been satisfied. The evidence presented was for the most part cumulative and would merely have tended to impeach the credibility of the witness (see, People v Wood, 94 AD2d 849). The defendant's conclusory assertion that the

People were aware at the time of trial of the witness' prior conduct, was insufficient to raise an issue requiring an evidentiary hearing (see, People v Latella, supra, at 323). Moreover, Dubey did not falsify his qualifications when he testified in this case. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.