■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD D. ST. JOHN, Appellant.—Levine, J. Appeal, by permission, from an order of the County Court of Clinton County (Lewis, J.), entered September 28, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of sexual abuse in the first degree, without a hearing.

Defendant was indicted by a Grand Jury on two counts of rape in the first degree and two counts of sexual abuse in the first degree. These charges stemmed from an incident in January 1987 in which defendant allegedly engaged in sexual intercourse and other sexual contact with two eight-year-old girls. Just prior to the commencement of his trial, defendant accepted a plea bargain offer which permitted him to plead guilty to one count of sexual abuse in the first degree in satisfaction of the entire indictment. In exchange for his guilty plea, defendant was promised a sentence of 3 to 6 years' imprisonment. As a further condition of the plea agreement, defendant was required to "withdraw all motions made or that could have been made" and to waive "all other rights and remedies" including his right to appeal.

At sentencing County Court imposed the agreed-upon term of imprisonment and defendant subsequently moved to vacate the judgment pursuant to CPL 440.10, on the grounds that he was denied the effective assistance of counsel and that his guilty plea was not voluntary. County Court summarily denied the motion, finding that defendant had waived his right to make postjudgment motions as a condition of the plea agreement. Defendant has been granted permission to appeal from this order.

Since the record of the plea proceeding does not evidence

that defendant specifically waived his right to make postjudgment motions, County Court erred in summarily denying defendant's CPL 440.10 motion on the basis of such a waiver. Turning to the merits of the motion, however, we find that defendant's submissions failed to raise factual issues which would warrant a hearing on defendant's claims of ineffective assistance of counsel or the involuntariness of his plea. Defendant's claim of inadequate legal representation is based primarily on counsel's alleged failure to interview 20 potential defense witnesses and a five-month delay in making pretrial omnibus motions. The delay in making the motions is a matter evident from the record and there is nothing in the record or in defendant's submissions which would indicate that defendant was in any way prejudiced by this delay. The allegations that counsel failed to engage in adequate pretrial investigation and that a conflict of interest existed which impaired his representation of defendant are not properly supported by sworn evidentiary submissions demonstrating that "the nonrecord facts sought to be established are material and would entitle [defendant] to relief" (People v Satterfield, 66 NY2d 796, 799; see, CPL 440.30 [4] [b]).

Moreover, the claims of ineffective assistance of counsel and that defendant's guilty plea was coerced are belied by the record of the plea proceeding in which defendant repeatedly expressed satisfaction with the legal representation he received and assured the court that his decision to plead guilty was completely voluntary. Defendant has made no factual showing whatsoever to dispel the inference of effective representation arising from the highly favorable plea bargain his counsel negotiated. Based on the foregoing, we conclude that defendant was not entitled to a hearing on his postjudgment motion to vacate his conviction and the denial of the motion should be affirmed.

Order affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Mercure, JJ., concur.