■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT IRVIN, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Suffolk County (Mullen, J.), dated January 3, 1989, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Canudo, J.), rendered December 23, 1980, convicting him of rape in the first degree (four counts), sodomy in the first degree (three counts), sexual abuse in the first degree (four counts), kidnapping in the second degree, assault in the third degree, and menacing.

Ordered that the order is affirmed.

In the early morning hours of July 30, 1979, the complainant and her two friends were offered a ride by two men in a van as they were standing outside of a convenience store in Lindenhurst. The complainant and her friends entered the rear of the van and the two men drove off. Soon thereafter, the defendant emerged from behind a curtain with a rifle. He and his accomplices scuffled with the complainant's friends, who were able to break free and escape from the van. The complainant remained in the van. The defendant and his accomplices threatened to kill her, and then proceeded to rape and sodomize her repeatedly.

Based upon a description of the van provided by the complainant's friends, the police located and surrounded the vehicle in a parking lot. The complainant broke free and jumped out of the van, at which time the police were able to arrest the defendant and his codefendants. The defendant subsequently made a statement to the police admitting that he and his accomplices had all had sexual intercourse with the complainant.

At the trial, the prosecution called Ira Dubey, Chief Forensic Serologist at the Suffolk County Crime Laboratory. Dubey had been qualified as an expert on 65 prior occasions and his training included work as a graduate intern in the Nassau County Police Department Scientific Investigation Bureau, as

well as a number of seminars and courses in criminal and forensic pathology. During his voir dire, Dubey testified falsely with respect to his educational background. He said that he had received a bachelor of science degree, when in fact, he had received a bachelor of arts degree. He also testified that he had received a masters degree in forensic science even though he never completed the requirements for that degree.

After being qualified as an expert, Dubey testified that he had examined underwear taken from the defendant, at the time of his arrest, and found both semen and saliva stains which the prosecution contended was consistent with the complainant's testimony that the defendant had raped and sodomized her. Dubey also examined a semen stain found on the carpet of the van and testified that it was made by a male with the defendant's blood type.

The defendant was convicted, upon a jury verdict, of, *inter alia*, rape in the first degree (four counts), sodomy in the first degree (three counts), sexual abuse in the first degree (four counts), and kidnapping in the second degree. On appeal, the kidnapping count was dismissed and the remainder of his conviction was affirmed *(People v Irvin,* 99 AD2d 760).

On April 14, 1987, Dubey pleaded guilty to three counts of perjury based on the false testimony he gave regarding his educational credentials. After the District Attorney apprised him of Dubey's conviction, the defendant moved to vacate his own conviction pursuant to CPL 440.10. His motion was denied, and this court granted leave to appeal. We now affirm.

The evidence of the defendant's guilt, apart from Dubey's testimony, was overwhelming. While the false testimony Dubey gave about his educational background might have affected the jury's assessment of his credibility, there is nothing in the record indicating that the prosecution was aware, or should be charged with knowledge that he was misrepresenting his credentials. Most importantly, the forensic evidence was cumulative. Other evidence established conclusively that the defendant was in the van, and since he admitted sexual intercourse and contact with the complainant, the evidence offered by Dubey was inconsequential. Thus, the defendant's due process rights were not violated *(cf., Giglio v United States,* 405 US 150), and we find no basis, under any of the grounds enumerated under CPL 440.10, to vacate the defendant's judgment of conviction *(see, People v Yoli,* 150 AD2d 741; *Stevenson v Maryland,* 299 Md 297, 473 A2d 450; *cf., People v Santiago,* 138 AD2d 327). Accordingly, the defen-

dant's motion pursuant to CPL 440.10 was properly denied. Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.