■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR F. MARZIALE, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered July 29, 1991, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was indicted for murder in the second degree and arson in the second degree in connection with the death of Robert Smith. The evidence establishes that defendant had been living with Smith's estranged wife. Upon learning that the wife intended to reconcile with Smith, defendant admitted that he went to Smith's home, parked his car at a distance from the residence and went the remaining distance on foot. At the house, an altercation ensued in the dining room during which defendant stabbed Smith multiple times in the chest, back and throat. Defendant then dragged the body into the living room and set it ablaze. He ultimately pleaded guilty to murder in the second degree in satisfaction of all charges. During the lengthy plea allocution, defendant expressly waived his right to appeal.

Before sentence was imposed, defendant moved to withdraw the plea on grounds that during the colloquy he never stated that he stabbed Smith or that he intended to kill him, thus making County Court's acceptance of the plea in violation of

the principles espoused in *People v Serrano* (15 NY2d 304); that his use of the prescription drug Dilantin to control his epileptic seizures was sufficient to require the conducting of a psychiatric or neurological examination to determine his mental competence prior to the court's accepting the plea; that the plea was coerced by his former attorney; and that the plea was the result of ineffective assistance of counsel because counsel allegedly did not discuss the availability of the defense of extreme emotional disturbance. County Court denied the motion. Defendant appeals from the judgment of conviction.

It is now clear that criminal defendants may validly waive their rights to appeal as part of a negotiated plea bargain *(People v Seaberg,* 74 NY2d 1). Such a waiver, if knowingly, intelligently and voluntarily given, operates to foreclose all appellate review including review in the interest of justice *(supra,* at 9-10), except in instances involving the legality of the sentence or the voluntariness of the plea *(supra,* at 10; *People v Francabandera,* 33 NY2d 429, 434, n 2), neither of which are directly involved herein. A review of the record supports the conclusion that defendant's waiver of his right to appeal was knowing, intelligent and voluntary. With regard to the issue of his mental state, while defendant alleges that he sometimes experiences confusion as a side effect of his taking Dilantin, he makes no claim that he was experiencing confusion *at the time* of the plea allocution. In any event, reports of a physician who examined defendant on two separate occasions in connection with his Dilantin therapy (once before the plea allocution and once afterward) clearly indicated that defendant was alert, oriented, coherent and capable of logical reasoning, a conclusion that is supported by defendant's testimony at the plea allocution. Inasmuch as the ramifications of the waiver of the right to appeal were fully explained to defendant by County Court, defendant indicated in no uncertain terms that he fully understood the nature and effect of the waiver *(see, e.g., People v Hibbard,* 150 AD2d 929, 930, *lv denied* 74 NY2d 848), and when viewed as a whole the proposed plea was reasonable and appropriate in relation to the heinousness of the crimes charged, the waiver is enforceable and operates effectively to preclude any appellate review.

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the appeal is dismissed.