■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN D. HOLDER, Appellant. [595 NYS2d 337] —Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered March 18, 1992, convicting defendant upon his

plea of guilty of the crime of attempted criminal possession of a controlled substance in the fifth degree.

Defendant contends that he did not effectively waive his right to appeal his sentence and that his sentence of 1⅓ to 4 years' imprisonment is harsh and excessive. We find that defendant's waiver of his right to appeal was knowing and voluntary. Such a waiver includes a waiver of the right to challenge the sentence imposed particularly where, as here, the particular sentence to be imposed is set forth on the record as part of the plea agreement (see, People v Burk, 181 AD2d 74, 81, lv denied 80 NY2d 927; People v Colantonio, 144 AD2d 730, lv denied 73 NY2d 890; see also, People v Dews, 169 AD2d 886, lv denied 77 NY2d 905). Were we to consider the merits, we would find that there is no reason to disturb the sentence imposed by County Court given that defendant pleaded guilty to a class E felony knowing that he would receive the sentence imposed as a part of a negotiated plea after having initially been charged with commission of a class B felony (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Weiss, P. J., Mikoll, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.