■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY EDISON, Appellant. [596 NYS2d 493] —Appeals (1) from a judgment of the County Court of Tioga County (Callanan, Sr., J.), rendered October 31, 1990, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered November 25, 1991, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Upon reviewing the record and brief submitted by defense counsel on the direct appeal from his judgment of conviction, we agree that there are no nonfrivolous issues that could be raised on appeal. Consequently, the judgment should be af-

firmed and defense counsel's application for leave to withdraw granted *(see, Anders v California,* 386 US 738; *People v Creeden,* 150 AD2d 887).

Defendant contends that County Court erred in denying his CPL 440.10 motion to vacate the judgment of conviction. On this appeal, defendant argues that his attorney was ineffective in failing to argue that defendant's Alzheimer's disease rendered his guilty plea ineffectual. We disagree and affirm. Defendant's conclusory allegations that he was not totally aware of the proceedings he was involved in are belied by an examination of the record. County Court engaged defendant in a full colloquy at the time of the plea, during which defendant stated that he had no mental disability. At sentencing, defendant stated that his condition did not affect his plea. Further, nothing in the record indicates that defendant's condition affected his understanding of the plea proceedings. County Court therefore properly denied defendant's motion without conducting a hearing *(see,* CPL 440.30 [4]; *People v St. John,* 163 AD2d 687, *lv denied* 76 NY2d 944).

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted. Ordered that the order is affirmed.