(December 29, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSALIE J. CUTTING, Appellant. [621 NYS2d 149] —Casey, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered August 16, 1989, upon a verdict convicting defendant of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered January 13, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following the discovery of decedent's body lying partially under a pickup truck on the side of a road, a police investigation revealed that decedent had been killed by two gunshot wounds to the head. An examination of the floor of the truck revealed a canceled check in the amount of $500 made payable to defendant by decedent. When asked, defendant went to the police station where she admitted meeting defendant at the scene. She claimed that she went to the scene to discuss repayment of the loans decedent had made to her. She also stated that decedent threatened to tell her husband about the loans and that she shot decedent when he tried to force himself upon her.

After a jury trial, defendant was convicted as charged of the offense of murder in the second degree and sentenced to a term of imprisonment of 25 years to life. Thereafter, defendant moved pursuant to CPL 440.10 to vacate her conviction claiming the ineffective assistance of counsel, the fabrication of fingerprint evidence which established that defendant had touched the door of decedent's pickup truck, and that the police investigator committed perjury in testifying about finding the fingerprint evidence. County Court denied the motion without a hearing. Defendant appeals the order of denial by permission of a Justice of this Court and also appeals from the judgment of conviction. The appeals were joined for argument.

Defendant's claim of ineffective assistance of counsel is based on the alleged failure of her trial counsel to explore and emphasize the defense of extreme emotional disturbance or

insanity caused by her husband's abuse and fear of her husband's reaction if he was told about her loans from decedent. Defendant's version given to the police, however, more readily comports with a justification defense than the defense of extreme emotional disturbance. She admitted that she was at the scene and had shot decedent to protect herself from his forcible sexual advances. She also claimed that decedent had made prior sexual advances on her person. Defendant's own words support her counsel's contention, contained in his affidavit, that the defense of extreme emotional disturbance was not as viable a defense as justification. Therefore, he pursued the justification defense more vigorously. Counsel also stated that while he had some indication that defendant's relationship with her husband was an abusive one, defendant denied any abuse and was generally hesitant to respond when defense counsel queried her about such abuse. Defense counsel also claimed that defendant was reluctant to confide in him about the extent of the abuse by her husband. Having considered this defense, counsel claims he would have emphasized it if defendant had been cooperative. Even so, defense counsel raised the defense of extreme emotional disturbance on the facts as he knew them and succeeded in having this defense charged to the jury. Defense counsel was further persuaded to emphasize the defense of justification over extreme emotional disturbance because the former defense would legally excuse defendant's conduct (see, Penal Law § 35.15), but the latter would only reduce the degree of defendant's crime to manslaughter in the first degree (see, Penal Law § 125.25 [1] [a]).

Based on defense counsel's showing, we find no ineffective representation (see, People v Baldi, 54 NY2d 137; see also, People v Badia, 159 AD2d 577, 579, lv denied 76 NY2d 784) and defendant's claim to the contrary is untenable. We further conclude that County Court did not err in denying the portion of defendant's CPL 440.10 motion based upon ineffective assistance of counsel without a hearing since the ineffective assistance issue could be determined from the record and from defendant's submissions (see, People v Satterfield, 66 NY2d 796, 799), which conclusively revealed "the existence of a trial strategy that might well have been pursued by a reasonably competent attorney" (supra, at 799).

Defendant next argues that County Court erred in failing to grant her motion pursuant to CPL 440.10 based upon the admittedly perjured testimony and fabricated evidence offered by a State Police investigator who testified for the People. In order to succeed on such motion, defendant must show under

CPL 440.10 (1) (b), (d) and (h) that she was prejudiced by the alleged misconduct *(see, People v Friedgood,* 58 NY2d 467). Under CPL 440.10 (1) (g) defendant must show, *inter alia,* that the new evidence will probably change the result of the trial *(see, People v Gurley,* 197 AD2d 534). In this case we find no possibility of prejudice or probability that the outcome would have been different, absent the misconduct. Defendant failed to allege facts sufficient to show that the evidence prejudiced her defense *(see, People v Irvin,* 180 AD2d 753, *lv denied* 79 NY2d 1002). Inasmuch as defendant admitted that she had been in the truck talking with defendant, the testimony of the police investigator about the presence of defendant's fingerprints on the door handle of decedent's truck was merely superfluous.

We also find no merit in defendant's claim that County Court erred in denying her suppression motion. The record evidence clearly demonstrates that defendant received the required *Miranda* warnings and also supports County Court's finding that defendant's statement was voluntary *(see, People v Tarsia,* 50 NY2d 1, 11). We have examined defendant's claims of improperly admitted testimony of the witness William Hawkes and of the admission into evidence of the photographs of decedent's wounds, and we find no error in the introduction of such testimony *(see, People v Smythe,* 172 AD2d 1028, *lv denied* 78 NY2d 927) or evidence *(see, People v Pobliner,* 32 NY2d 356, *cert denied sub nom. Pobliner v New York,* 416 US 905).

Finally, defendant complains about the severity of the sentence. Although defendant had no prior criminal record, the evidence adduced at trial indicated that defendant planned the murder in advance, shot decedent twice in the head and attempted to conceal her involvement in the crime. The jury rejected her defenses of justification and extreme emotional disturbance. Considering these factors, we cannot conclude that County Court abused its discretion in the sentence it imposed. Accordingly, the judgment of conviction should be affirmed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment and order are affirmed.