■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. SHAMBLEE, Appellant. [635 NYS2d 321] —Casey, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 28, 1994, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree, and (2) by permission, from an order of said court, entered February 10, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, a prison inmate, was indicted and charged with promoting prison contraband in the first degree as a result of an incident whereby a weapon fashioned out of razor blade was discovered on his person during a strip frisk. David Shaw, an attorney with the Public Defender's office, was assigned to represent defendant. On December 1, 1993 Shaw wrote to defendant, informing him that a pretrial conference was scheduled for December 9, 1993 and asking if defendant was interested in pursuing a plea bargain. Shaw relayed to defendant the possible sentences he could receive if he pleaded guilty and if he was unsuccessful after a trial. On December 5, 1993, defendant wrote back stating that he was innocent of any wrongdoing and asking about his chances of winning at trial. As for possible plea bargains, defendant's only interest was in pursuing avenues that were not legally available to him due to his status as a predicate felon.

Thereafter, on December 10, 1993, Shaw sent defendant another letter informing him that he had secured a plea offer allowing defendant to plead guilty to a class E felony whereby he would receive a prison sentence of $1^1/2$ to 3 years, to be served consecutively to any unexpired sentence. This offer was to expire on December 17, 1993, after which defendant was informed that the matter would proceed to trial. On December 13, 1993, apparently before defendant received the latest letter from Shaw, defendant wrote to County Court that he was dissatisfied with Shaw and wanted a new attorney. On December 17, 1993, however, defendant, having apparently now received Shaw's latest letter, wrote back to Shaw indicating that, although he was innocent of any wrongdoing, he would accept

the plea if that was what Shaw advised. In this letter, which was not received by defense counsel until December 23, 1993, defendant apologized for complaining about his representation to County Court and told Shaw to tell County Court "to forget about the letter I wrote". Nevertheless, the plea offer having expired, Shaw then took steps and made various motions to further the matter along to trial. On the eve of trial, however, defendant pleaded guilty to the charged crime and was sentenced to 2 to 4 years in prison, to be served consecutively to any unexpired sentence. Defendant now appeals from the judgment of conviction and from the denial of his CPL 440.10 motion to vacate the judgment.

In the context of both the direct appeal and the appeal involving his CPL 440.10 motion, defendant maintains that he was deprived of the effective assistance of counsel and, therefore, the judgment of conviction should be vacated and defendant should be allowed to plead and be sentenced in accordance with the original plea bargain offer. We have examined defendant's arguments and find them lacking in merit. The record demonstrates that defendant was provided "meaningful representation" consistent with his constitutional rights (*People v Frayer*, 215 AD2d 862, 864, *lv denied* 86 NY2d 794). Contrary to defendant's assertion, County Court did not err by deciding his CPL 440.10 motion without a hearing since the issue of ineffective assistance of counsel could be determined from the record and submissions which reveal " 'the existence of a * * * strategy that might well have been pursued by a reasonably competent attorney' " (*People v Cutting*, 210 AD2d 791, 792, *lv denied* 85 NY2d 971, quoting *People v Satterfield*, 66 NY2d 796, 799). Here, the record indicates that the original plea offer expired without acceptance and, even in his letter expressing interest in that sentence, defendant still proclaimed his innocence to his attorney. Consistent with this view, defense counsel pursued legitimate trial preparations right up to the time of defendant's last minute plea with no complaint from defendant on the record. Based on this showing, we find no basis for a finding of ineffective representation (*see, People v Cutting, supra*).

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are affirmed.