■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL M. PASSERO, Appellant. [635 NYS2d 717] —White, J. Appeal from a judgment of the County Court of Fulton County (Mazzone, J.), rendered October 4, 1994, convicting defendant

upon his plea of guilty of the crime of sodomy in the second degree.

Pursuant to a comprehensive plea bargain resolving multiple felony complaints spanning several towns and two counties and involving higher degree sodomy and other unrelated matters, defendant pleaded guilty to a single count of sodomy in the second degree and was sentenced to a $3^1/_2$ to 7-year prison term. Defendant appeals challenging the sufficiency of his plea allocution and contending that he was under the influence of medication. Defendant also asserts that two statements by potential witnesses were not disclosed to him prior to the plea.

Defendant, by failing to move to withdraw his plea or vacate his judgment of conviction, has not preserved the issues surrounding the adequacy of his plea for appellate review (see, People v Lopez, 71 NY2d 662, 665-666). A review of the record reveals no support for defendant's contention that his understanding of and his freedom in making the plea was in any manner effected by medication. While defendant indicated that he had taken muscle relaxers within the 48-hour period prior to the plea, he immediately represented to County Court that he was not under the influence of the drugs. During the entirety of the extended allocution, defendant's responses were entirely suitable and pertinent, and, where appropriate, consisted of more than mere yes and no answers. The record in its entirety supports no conclusion but that defendant's plea was knowing and voluntary. We find no basis for the intervention of this Court's discretion to reverse the judgment.

A similar conclusion must be reached concerning the alleged undisclosed statements. Defendant waived all discovery and all other pretrial and trial matters when he waived indictment and pleaded guilty to the superior court information. Defendant also specifically waived his right to appeal (see, People v Seaberg, 74 NY2d 1). In reviewing the plea, we find a fully advised defendant graphically admitting his guilt and the commission of the acts charged. Based on our review of the record, we agree with defense counsel that there are no nonfrivolous issues. The judgment should, therefore, be affirmed and defense counsel's request to be relieved of his assignment should be granted (see, Anders v California, 386 US 738; People v Creeden, 150 AD2d 887).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.