■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES SANTIAGO, Appellant. [641 NYS2d 471] —Mercure, J. Appeals (1) from a judgment of the County Court of Montgomery County (Aison, J.), rendered January 28, 1993, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered February 14, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

By each of two separate indictments, defendant was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, as the result of his alleged participation in sales of cocaine on March 2, 1992 and March 16, 1992, respectively. In accordance with a plea bargain, defendant disposed of both indictments with a plea of guilty to a single count of criminal sale of a controlled substance in the third degree, waived his

right to appeal and was sentenced as a predicate felony offender to a prison term of 9 to 18 years.

Thereafter, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction. The sole evidence in support of the motion was defendant's own affidavit, in which he stated that he had no contact with his assigned counsel from the July 9, 1992 arraignment until counsel came to see him on November 21, 1992 to advise him of the impending trial of the indictments and of the People's offer of a negotiated plea. Although he was innocent of the charges and had a valid defense, defendant continues, confronted with his counsel's insistence and fearing that his counsel was not prepared for trial, defendant reluctantly accepted the proposed plea bargain. Finally, defendant states that, in order to induce County Court to accept his plea and thereby avoid trial, he falsely indicated at the plea proceeding that he was satisfied with the job his counsel had done, that nobody had pressured or coerced him into pleading guilty, that he did not wish to discuss the matter any further with anyone, and that he had been allowed sufficient time to reflect on the matter. County Court denied the motion without a hearing. Defendant now appeals the judgment of conviction and, by permission, the denial of his CPL article 440 motion.

We conclude that defendant's self-serving and conclusory averments, which are unsupported by any other affidavit or evidence and which are directly contradicted, first, by the representations defendant made to County Court at the time of entry of his guilty plea and, second, by the record before us, evidencing counsel's thorough pretrial motion practice and negotiations and the highly advantageous plea bargain brought about as a result, did not warrant a hearing on the CPL article 440 motion (see, CPL 440.30 [4] [b], [c], [d]; *People v Shamblee*, 222 AD2d 834, 835; *People v Edison*, 192 AD2d 789, *lv denied* 83 NY2d 966). Inasmuch as defendant's claim of ineffective assistance of counsel is the underpinning for the argument that he did not enter a knowing, intelligent and voluntary plea and waiver of his right to appeal, our determination that defendant was provided with meaningful representation consistent with his constitutional rights (see, *People v Shamblee, supra*; *People v Frayer*, 215 AD2d 862, 864, *lv denied* 86 NY2d 794) is dispositive of the direct appeal as well.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed.