(January 2, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BROWN, Appellant. [652 NYS2d 332] —Carpinello, J. Appeals (1) from a judgment of the County Court of Tompkins County (Barrett, J.), rendered July 30, 1993, convicting defendant upon his plea of guilty of the crimes of sodomy in the first degree (two counts) and rape in the first degree, and (2) by permission, from an order of said court, entered January 26, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in a 15-count indictment with four counts of burglary in the first degree, four counts of sodomy in the first degree, three counts of robbery in the first degree, three counts of sexual abuse in the first degree and one count of rape in the first degree. The indictment alleged that, on three separate occasions between July 4, 1991 and February 29, 1992, defendant broke into residences, sexually assaulted female occupants after threatening each with a knife and then stole property.

An extensive trial was held on these charges wherein trial counsel mounted a vigorous defense, resulting in a deadlocked jury and a mistrial. Subsequently, in accordance with a plea bargain, defendant disposed of the entire indictment, as well as a Cayuga County indictment, with a plea of guilty to two counts of sodomy in the first degree and one count of rape in the first degree. Defendant waived both his right to appeal the judgment of conviction and his right to bring any postjudgment motions.

At sentencing, defendant moved to withdraw his plea on the ground of ineffective assistance of counsel and requested that new counsel be assigned. After defendant was given an opportunity to explain the basis for his requests (he complained that counsel failed to request a *Frye* hearing and allegedly misrepresented the unavailability of expert witness funds), County Court denied both requests and proceeded to sentence defendant as a second felony offender in accordance with the plea agreement to concurrent prison terms of $7^{1}/_{2}$ to 15 years on each count. Thereafter, defendant, through newly assigned counsel, moved pursuant to CPL 440.10 (1) (f) and (h) to vacate the judgment of conviction, which was denied by County Court without a hearing. Defendant now appeals the judgment of conviction and, by permission, the denial of his CPL 440.10 motion.

County Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea (*see*, CPL 220.60 [3]). Our review of the plea allocution reveals that defendant was fully informed of the rights he was giving up by pleading guilty and the consequences of his guilty plea. Additionally, there is a clear factual basis for the plea given defendant's own admissions with respect to the acts constituting each crime. To this end, we note that, in moving to withdraw his plea before County Court, defendant in no way asserted that he was innocent of the charges; rather, he only alleged that his counsel was ineffective. Notably, however, defendant indicated at the plea allocution that he was satisfied with the services of his attorney, that he was pleading guilty voluntarily, that no one threatened or coerced him into pleading guilty and that he had no questions about either the consequences of his guilty plea or any of the proceedings (*see*, *People v Berezansky*, 229 AD2d 768). Given these facts, we find that defendant's plea was knowing, intelligent and voluntary.

With respect to his claim that counsel was ineffective (assuming that such claim even survives his valid waiver of the right to appeal [*see*, *e.g.*, *People v Hayes*, 194 AD2d 998; *People v Condon*, 184 AD2d 879]), we note that defendant received an extremely advantageous plea. Furthermore, the record is devoid of any evidence which would cast doubt on the effectiveness of counsel (*see*, *e.g.*, *People v Hibbard*, 150 AD2d 929, *lv denied* 74 NY2d 848). Accordingly, we cannot say that County Court abused its discretion in denying defendant's application to withdraw his plea (*see*, *People v Baker*, 225 AD2d 949, *lv denied* 88 NY2d 844; *People v Terry*, 179 AD2d 833, *lv denied* 80 NY2d 839; *People v Nicholls*, 157 AD2d 1004; *People v Lynch*, 156 AD2d 884, *lv denied* 75 NY2d 921).

We also reject defendant's argument that County Court improperly denied his CPL 440.10 motion without a hearing.* In support of the motion, defendant argued that his conviction was obtained in violation of his rights to effective assistance of counsel in that his prior counsel never requested a *Frye* hearing during the entire course of his representation of defendant, had several conflicts of interest and made several mistakes during the *Sandoval* hearings preceding the first trial.

There is no doubt that the right to the effective assistance of counsel may be impaired where the defense counsel represents interests which may be in conflict with those of the defendant

---

* Finding that defendant's CPL 440.10 motion was properly denied without a hearing, we need not, and specifically do not, address the People's contention that defendant waived his right to bring a postjudgment motion.

(*see, People v McDonald*, 68 NY2d 1). Here, defendant claims that his trial counsel's previous representation of alleged suspects in this case or potential witnesses affected the presentation of his case during the first trial. Specifically, defendant contends that these alleged conflicts affected counsel's cross-examination of various witnesses and precluded another individual from being called as a witness. Even assuming that these alleged conflicts of interest may have impacted counsel's performance at the first trial—an assumption, we note, not borne out by the record—it can hardly be underscored that the first trial ended in a deadlocked jury (strong evidence that trial counsel's performance was indeed not impacted) and defendant ultimately pleaded guilty. Since there is no evidence to suggest that defendant's *guilty plea* "was induced by any consideration other than [defendant's] own best interests" (*People v Recupero*, 73 NY2d 877, 879), we will not disturb the judgment on this basis (*see, People v Fryar*, 198 AD2d 298; *People v Salsman*, 185 AD2d 469, *lv denied* 80 NY2d 934; *People v Barber*, 180 AD2d 548, *lv denied* 79 NY2d 1046).

Finally, in light of the representations made to County Court at the time he entered his guilty plea that he was satisfied with the services of his attorney and his plea was voluntary (*see, People v St. John*, 163 AD2d 687, 688, *lv denied* 76 NY2d 944), and in view of the record before us evidencing counsel's adept representation of defendant throughout the first trial, his thorough pretrial motion practice and the highly advantageous plea received by defendant which satisfied not only the present indictment but another pending indictment in Cayuga County, we also find a hearing was not warranted on defendant's CPL 440.10 motion (*see, CPL 440.30 [4] [b], [c], [d]; People v Santiago*, 227 AD2d 657, 658; *People v Shamblee*, 222 AD2d 834, 835; *People v Edison*, 192 AD2d 789, *lv denied* 83 NY2d 966) and that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 146-147). Accordingly, the denial of the motion should be affirmed.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are affirmed.