■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY ALSTIN, Appellant. [657 NYS2d 1021] —Mercure, J. Appeals (1) from a judgment of the County Court of Columbia County (Leaman, J.), rendered February 17, 1995, convicting defendant upon his plea of guilty of the crimes of murder in the second degree, attempted murder in the second degree, and assault in the first degree, and (2) by permission, from an order of said court, entered November 17, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In satisfaction of a four-count indictment, defendant pleaded guilty to murder in the second degree, attempted murder in the second degree and assault in the first degree for the April 9, 1994 murder of Michael Davis and attempted murder and assault of Jonathan Jones at the Savoia Bar in the City of Hudson, Columbia County. Prior to sentencing, defendant dismissed his attorney, retained new counsel, and moved to withdraw his guilty plea based upon his former counsel's ineffective assistance and upon allegations that he was coerced into pleading guilty by his former counsel. After hearing argument on the motion and upon review of the plea allocution, County Court denied the motion and sentenced defendant in accordance with the plea agreement. Defendant appeals from the judgment of conviction and, by permission, from the denial of his subsequent CPL 440.10 motion.

We affirm. County Court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea (*see*, CPL 220.60 [3]). The record reveals that during the plea allocution County Court fully apprised defendant of the rights he was forfeiting by his plea and the consequences attendant thereto. Defendant indicated that he understood the proceedings, declined the opportunity to ask further questions of the court, and affirmed his satisfaction with his counsel's representation. In our view, because defendant received an advantageous plea and the record does not otherwise cast doubt on the effective assistance rendered by his former attorney, defendant was provided with meaningful representation (*see*, *People v Baldi*, 54 NY2d 137, 147; *People v Lunan*, 206 AD2d 671, 672; *People v Mayes*, 133 AD2d 905, 906). Accordingly, we find that defendant's plea was knowingly, intelligently and voluntarily entered (*see*, *People v Brown*, 235 AD2d 563, 565; *People v Santiago*, 227 AD2d 657, 658).

Nor are we persuaded that County Court improvidently exercised its discretion by denying defendant's CPL 440.10 motion without a hearing. Initially, as it is clear that the motion could be decided on the basis of the record and defendant's submissions, no hearing was required (*see*, *People v Satterfield*, 66 NY2d 796, 799; *People v Williams*, 237 AD2d 644; *People v Santiago, supra*, at 658). In addition, our review of the evidence discloses nothing to support the claim that defendant was unduly coerced or that his former counsel's trial preparation was legally insufficient. To the contrary, in the statements cited to by defendant, his former counsel merely informed him of the real possibilities and risks associated with a decision to proceed to trial. When "[v]iewed objectively", the transcript and defendant's submissions indicate that the former attorney's recommendation that defendant plead guilty reflects a defense trial strategy which, we note, "might well have been pursued by a reasonably competent attorney" (*People v Satterfield, supra*, at 799). Accordingly, we find no basis for vacatur of the judgment of conviction on these grounds.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and order are affirmed.