■ The People of the State of New York, Respondent, v Henry Faulkner, Appellant. [836 NYS2d 321]—

Cardona, P.J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered June 18, 2003, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and criminal possession of stolen property in the fourth degree, and (2) by permission, from an order of said court, entered May 24, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In satisfaction of a four-count indictment, defendant pleaded guilty to burglary in the second degree. Prior to sentencing, he pleaded guilty to a superior court information charging him with criminal possession of stolen property in the fourth degree. In accordance with the plea agreement, he was sentenced as a second felony offender to 12 years in prison on the burglary conviction, to be followed by five years of postrelease supervision, and to a concurrent sentence of $1^{1}/_{2}$ to 3 years in prison on the criminal possession conviction. After sentencing, defendant moved pursuant to CPL 440.10 to vacate the judgment of convic-

tion. County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.

Defendant contends that County Court erred in denying his CPL 440.10 motion without a hearing. On that motion, he argued that he was deprived of the effective assistance of counsel; specifically, that his attorney wrongly advised him to plead guilty, since he could have argued that the confession he gave to police at the time of his burglary arrest was involuntary. However, given that defendant failed to substantiate his claim with sworn evidentiary submissions, County Court did not err in summarily denying the motion (*see* CPL 440.30 [4] [b]; *People v Vigliotti*, 24 AD3d 1216, 1216 [2005]; *People v St. John*, 163 AD2d 687, 688 [1990], *lv denied* 76 NY2d 944 [1990]; *compare People v Howard*, 12 AD3d 1127, 1127 [2004]). Likewise, defendant's challenge to the severity of the sentence is unpersuasive. Considering defendant's extensive criminal record and that the sentence imposed was much less than the maximum permissible, we find no extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Brown*, 251 AD2d 694, 696 [1998], *lv denied* 92 NY2d 1029 [1998]).

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment and order are affirmed.