■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE MARTINEZ, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered October 31, 1985, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

In the presence of his assigned counsel and aided by an interpreter, defendant entered a plea of guilty to the crime of attempted rape in the first degree in full satisfaction of an indictment which charged him with attempted rape in the first degree, burglary in the first degree and criminal possession of a weapon in the fourth degree. The plea was bargained and further provided that defendant would receive an indeterminate prison sentence of 1½ to 4½ years. Defendant was sentenced accordingly.

On this appeal defendant argues that his conviction should be reversed in the interest of justice because the plea was not knowingly and intelligently made since defendant had a minimal understanding of the plea allocution due to his language difficulty. As an alternative claim, defendant urges that his conviction be modified to a lesser offense.

Defendant's claim that his guilty plea should not have been accepted does not present a question of law for our review since he failed to move to withdraw his plea before sentencing or to move to vacate his judgment of conviction (see, People v Bell, 47 NY2d 839, 840). Furthermore, in our view, the plea was knowingly and intelligently made by a sufficient allocution through defendant's interpreter and with the full knowledge and consent of his attorney (see, People v Lattmen, 101 AD2d 662). The plea bargain was not unfair, but on the contrary, was beneficial to defendant. Defendant's claim that the interest of justice requires reversal or modification of his conviction is rejected.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.