THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE LEE MAYE, Appellant.

Third Department, July 9, 1987

### APPEARANCES OF COUNSEL

*Michael J. Hutter* for appellant.

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

Defendant was indicted for manslaughter in the second

degree as a result of the shooting death of his wife at their home on March 17, 1986. At the time of arraignment, he entered a plea of guilty to the crime charged and subsequently was sentenced to a term of imprisonment of 4 to 12 years. On this appeal he contends, *inter alia,* that the plea allocution was insufficient and that County Court should not have accepted his guilty plea.* Initially, we note that this claim does not present a question of law for our review. Although defendant expressed a desire at his sentencing to withdraw his guilty plea, he did not actually move to withdraw the plea and County Court refused to consider the oral statement he made at sentencing to be such a motion. By failing to move to withdraw his plea or vacate his conviction in the court of first instance, defendant failed to preserve for appeal the issue of the sufficiency of the plea allocution *(see, People v Martinez,* 125 AD2d 829).

Nevertheless, we find reversal in this case to be warranted in the interest of justice. The Court of Appeals has stated that during a plea allocution, "the requisite elements [of the crime to which the defendant is pleading guilty] should appear from the defendant's own recital" *(People v Serrano,* 15 NY2d 304, 308), although a plea can be accepted in the absence of the defendant's personal recitation when there is no suggestion on the record that the plea is improvident or baseless *(see, People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Langhorn,* 119 AD2d 844, *lv denied* 68 NY2d 758). In this case, the elements of manslaughter in the second degree should have been demonstrated: the creation of a substantial and unjustifiable risk, an awareness and disregard of the risk on the part of the defendant, and a resulting death *(People v Licitra,* 47 NY2d 554, 558). However, these elements do not necessarily appear from defendant's recital of the events of March 17, 1986. Moreover, we do not find in the record a basis for defendant's guilty plea sufficient to show that the plea entered was not improvident. This is not a case in which the defendant has pleaded guilty to a less serious crime than the one with which he was charged. Accordingly, defendant's guilty plea should be vacated.

We also note our disapproval of County Court's method of

---

* We note that although defendant purportedly waived his right to appeal during the plea allocution, he now contends, and the People concede, that defendant's waiver cannot be shown to have been knowing, intelligent and voluntary, and therefore the waiver was ineffective *(cf., People v Harvey,* 124 AD2d 943, *lv denied* 69 NY2d 746).

conducting the plea allocution, whereby an Assistant District Attorney reads the relevant questions to a defendant. As Judge Breitel noted in *People v Nixon (supra)*, a "uniform mandatory catechism of pleading defendants" is undesirable; instead, given the varied circumstances under which defendants enter guilty pleas, the conducting of the plea allocution is "best left to the discretion of the court" *(supra,* at 353). By allowing the prosecuting attorney to conduct the plea allocution, County Court abrogated its duty to exercise its discretion. In the future, therefore, County Court should itself conduct the plea allocution.

MAHONEY, P. J., CASEY, MIKOLL and LEVINE, JJ., concur.

Judgment reversed, as a matter of discretion in the interest of justice, defendant's plea of guilty vacated, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith.