■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN P. ROBIDEAU, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered April 28, 1986, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Pursuant to a negotiated plea bargain resulting in a reduced charge, defendant pleaded guilty to the crime of burglary in the third degree and waived his right to appeal. He received a sentence of 1½ to 4½ years' imprisonment. On this appeal, defendant maintains that he was deprived of the effective assistance of counsel, that the plea allocution was insufficient, and that the sentence was harsh and excessive.

Initially, we observe that defendant waived his right to appeal from the sentence *(see, People v Mayes,* 133 AD2d 905 [decided herewith]; *People v Harvey,* 124 AD2d 943, *lv denied* 69 NY2d 746). Moreover, since defendant neither moved to withdraw his plea nor to vacate his conviction, he has failed to preserve for appeal any question bearing on the sufficiency of the plea allocution *(see, People v Martinez,* 125 AD2d 829). In any event, our review of the record confirms that the plea was knowingly and intelligently made with the advice of counsel and not improvident under the circumstances *(see, People v Langhorn,* 119 AD2d 844, *lv denied* 68 NY2d 758; *People v Taliaferro,* 109 AD2d 943, 945; *cf., People v Maye,* 129 AD2d 204). As we said in *People v Maye (supra),* we note our disapproval of County Court's method of conducting the plea allocution and reiterate that it is the function of the court, not the prosecuting attorney, to conduct this inquiry.

Finally, we agree that defendant's claim of ineffective assistance of counsel was not waived and is properly before us *(cf., People v Harvey,* 124 AD2d 943, *supra).* This contention is grounded on the premise that counsel failed to move for dismissal of the indictment on speedy trial grounds *(see,* CPL 30.20, 30.30). There is, however, no basis in this record indicating that defendant was entitled to such relief. The record otherwise confirms that defendant was accorded meaningful representation.

Judgment affirmed. Mahoney, P. J., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.