■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

---

DAVID LEE MAYES, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered August 1, 1986, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was indicted for robbery in the first degree, a class B felony, and grand larceny in the third degree for stealing approximately $320 from the victim, whom he allegedly struck in the head with a club. With the advice of counsel, defendant entered a guilty plea to assault in the second degree, a class D felony, in full satisfaction of all charges. During the plea allocution, as a condition of County Court's acceptance of his plea, defendant agreed to withdraw all motions and to waive his right to appeal the plea process. Pursuant to the plea negotiations, the court sentenced defendant, a second felony offender, to 2½ to 5 years in prison. Defendant now complains that the allocution was inadequate in that a sufficient factual basis to support the plea was not developed, that his defense counsel was ineffective, and that the sentence was harsh and excessive. Only the first two points merit comment.

With respect to the question of the adequacy of defendant's legal representation, it has recently been observed that when a defendant receives an advantageous plea and the record does not cast doubt on the apparent effectiveness of counsel, defendant is deemed to have been furnished meaningful representation (People v Kalakowski, 120 AD2d 763, 764, lv denied 68 NY2d 669). The record here not only demonstrates competent and conscientious conduct by defendant's counsel, but also contains an express acknowledgement by defendant of his satisfaction with the attorney.

Since defendant was afforded effective legal assistance and no motion to vacate the plea was made in the court of first instance, the challenge to the sufficiency of the plea allocution was waived (see, People v Pellegrino, 60 NY2d 636, 637). Also not to be ignored is the further fact that as part of the plea negotiations, with the benefit of competent counsel at hand, defendant knowingly and voluntarily waived his right to appeal (see, People v Robideau, 133 AD2d 903 [decided herewith]; People v Harvey, 124 AD2d 943, lv denied 69 NY2d 746; see also, People v Jandrew, 101 AD2d 90, 91).

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.