■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EMPEY, Appellant.—Harvey, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 16, 1987, convicting defendant upon his plea of guilty of the crime of attempted sexual abuse in the first degree, and (2) by permission, from an order of said court, entered November 24, 1987, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In March 1987, defendant was charged by superior court information with two counts of the crime of sexual abuse in the first degree for allegedly subjecting a child under the age of 11 to sexual contact on two occasions. Defendant waived his right to prosecution by indictment and pleaded guilty to the reduced charge of one count of attempted sexual abuse in the first degree. Defendant was sentenced to 1⅓ to 4 years' imprisonment. Thereafter, defendant made a CPL 440.10 motion seeking to vacate the judgment of conviction. The motion was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission of this court, from the denial of his CPL 440.10 motion.

Defendant alleges that County Court committed reversible error by allowing the District Attorney to conduct a portion of the plea allocution. This court has noted its disapproval of a court allowing the prosecuting attorney to conduct the plea

allocution *(People v Maye,* 129 AD2d 204, 205-206). The fact that the prosecuting attorney participates in the plea allocution does not, however, necessarily constitute reversible error *(see, People v Robideau,* 133 AD2d 903, *lv denied* 71 NY2d 902). Indeed, even in *People v Maye (supra)* reversal was due in part to the insufficiency of the questions asked during the plea allocution and not merely because the prosecuting attorney had asked the questions. Further, a review of the record in *Maye* reveals that the prosecuting attorney in that case conducted the entire plea allocution with the court asking only an occasional question for purposes of clarification. The case at bar is much different. Here, County Court conducted virtually the entire plea allocution. The prosecuting attorney asked only three questions and these questions aided in developing the factual background of the crime to which defendant was pleading guilty. We are unconvinced that reversible error occurred in the manner in which the plea allocution was handled.

Defendant's contention that County Court erred in not granting a hearing on his CPL 440.10 motion is unpersuasive since the allegation in that motion, i.e., that a promise had not been kept with respect to sentencing, is specifically rebutted by defendant's own statement on the record that no promises had been made with respect to sentencing. Finally, we find no abuse of discretion nor extraordinary circumstances meriting a reduction of defendant's sentence.

Judgment and order affirmed. Kane, J. P., Casey, Mikoll, Harvey and Mercure, JJ., concur.