■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANN BONNEAU, Appellant.— Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 25, 1986, convicting defendant upon her plea of guilty of the crime of attempted robbery in the second degree.

Defendant pleaded guilty to attempting to forcibly steal $5,000 from the victim. The negotiated plea was taken in full satisfaction of a four-count indictment with no promise made regarding sentencing. During the plea allocution, administered by the prosecuting attorney, County Court informed defendant and her attorney that waiver of defendant's right to appeal "is a requirement on the part of this Court in order to interpose a guilty plea". Defendant was sentenced as a predicate felon to an indeterminate term of 3 to 6 years' imprisonment. On appeal, defendant argues that her plea proceeding was so deficient that her plea cannot be accepted and that her sentence is harsh and excessive.

Because the People concede that defendant's waiver of her right to appeal was not knowing or voluntary, there is no need to address the propriety of County Court's across-the-board rule requiring waiver of the right to appeal *(see, People v Lester,* 137 AD2d 871). And since she did not move to withdraw her plea prior to sentencing or move to vacate her judgment of conviction *(see, People v Lopez,* 71 NY2d 662; *People v Martinez,* 125 AD2d 829), her attack on her plea allocution has not been preserved for review. Moreover, the record discloses that the plea, encompassing all elements of attempted robbery in the second degree *(see,* Penal Law §§ 110.00, 160.10 [1]), was knowingly and intelligently made with the advice of counsel, despite County Court's practice of

delegating the plea allocution, a practice which we have since criticized *(see, e.g., People v Robideau,* 133 AD2d 903, *lv denied* 71 NY2d 902; *People v Maye,* 129 AD2d 204). Nor is defendant's sentence, which was less than the maximum allowed, harsh or excessive in light of the seriousness of the crime and her extensive larceny-related criminal record.

Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.