■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO V. ORTIZ, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered August 19, 1987, convicting defendant upon his plea of guilty of the crime of escape in the first degree.

On December 21, 1986, defendant escaped from the Schoharie County Jail where he was being detained pending proceedings on various drug charges brought against him in Albany County. Following apprehension and subsequent indictment in Schoharie County on March 19, 1987 on two counts of escape in the first degree, defendant pleaded guilty to the first count in full satisfaction of the indictment pursuant to a plea agreement under which the prosecution recommended, and County Court imposed, a prison sentence of 2½ to 5 years to be served consecutively to any other sentence defendant was serving before his escape, namely, to concurrent prison terms of 10 to 20 years and 10 years to life imposed in Albany County in January 1987 for narcotics-related offenses, and also consecutive to any undischarged time owed on a 1979 prison sentence of 7½ to 15 years stemming from a Queens County robbery. Defendant appeals, arguing that his plea should be vacated because it was not knowing, intelligent or voluntary in that he was not apprised

of the opportunity under Penal Law § 70.25 (2-d) to seek a concurrent sentence; we affirm.

As defendant has not moved to withdraw his plea prior to sentencing nor moved to vacate his judgment of conviction, he has not presented a question of law for our review *(see, People v Martinez,* 125 AD2d 829). Moreover, since he knew before entry of his plea the maximum sentence which County Court contemplated imposing, it cannot be said that his plea was unknowingly entered *(cf., People v Maye,* 143 AD2d 483). Finally, Penal Law § 70.25 (2-d) directs imposition of a consecutive sentence except where the sentencing court in its discretion determines that mitigating circumstances require that in the interest of justice a concurrent sentence be imposed *(see generally,* Donnino, 1986 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.25 [1987 Supp Pamph], at 284). While County Court did not explicitly ask defendant for information bearing on whether his sentence should be imposed concurrently rather than consecutively, it did in fact afford defendant, who was assisted by counsel, the opportunity to furnish the court with mitigating information *(see, People v Nixon,* 21 NY2d 338, 353, *cert denied* 393 US 1067). We note, parenthetically, that defendant on appeal has not suggested any mitigating circumstances which might support imposition of a concurrent sentence, and hence interest-of-justice consideration is not called for.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.