■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE L. MAYE, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 30, 1988, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant was arrested and charged with the murder of his wife. Thereafter, the case was submitted to the Grand Jury which returned an indictment charging him with manslaughter in the second degree. At his arraignment defendant pleaded guilty to the manslaughter charge and was thereafter sentenced to an indeterminate term of imprisonment of 4 to 12 years. Defendant successfully appealed his conviction and this court remitted the case to County Court for further proceedings on the indictment (129 AD2d 204). The People then moved to resubmit the case to a Grand Jury on the charge of murder in the second degree by reason of newly discovered evidence. County Court granted the motion, the case was re-presented and defendant was indicted for two counts of murder in the second degree. Following a jury trial defendant was found guilty of one of the charges and sentenced to an indeterminate sentence of imprisonment of 25 years to life. On this appeal defendant contends, *inter alia,* that the motion for resubmission to the Grand Jury was improperly granted and that his trial for murder subjected him to double jeopardy. We agree with defendant's double jeopardy claim and, accordingly, reverse the conviction.

The CPL clearly permits resubmission of charges to a Grand Jury, with judicial permission, when the first Grand Jury hearing the evidence has rejected it as insufficient (CPL 190.75 [1], [3]; *see, People v Cade,* 74 NY2d 410). In the instant case, the People initially presented the case to a Grand Jury on a murder theory and an indictment was returned for manslaughter, thus clearly rejecting the People's evidence as insufficient for a murder indictment. On the motion to resubmit the People proffered "newly discovered evidence" of a kind that County Court correctly determined would not have been readily discernible at the time of the first presentment *(see, People v Martin,* 71 AD2d 928). Accordingly, we reject defendant's contention that there was no basis for County Court to allow resubmission.

However, we find that defendant is correct in his assertion that his prosecution for murder constituted double jeopardy. The CPL provides that a person is prosecuted for the purpose of prior jeopardy when he is charged with an offense and when the action terminates in a conviction upon a plea of guilty (CPL 40.20 [1]; 40.30 [1] [a]). However, when such a conviction is subsequently nullified by a court order which restores the action to its pre-pleading status, the nullified conviction is not a bar to further prosecution of the offense under the same accusatory instrument (CPL 40.30 [3]). Had defendant initially been indicted for murder or murder and manslaughter, and had he thereafter pleaded guilty to manslaughter, there is no doubt that upon reversal of the conviction he could thereafter be tried for murder since retrial under the original indictment is not barred by the statute (cf., People v Bartley, 47 NY2d 965). In the case at bar, however, defendant was not prosecuted under the original indictment. He was tried under an entirely different indictment charging him with a separate and distinct offense from that contained in the original indictment to which he pleaded guilty. That is contrary to the express provisions of CPL 40.30 (3) (see, Matter of Nolan v Lungen, 91 AD2d 1095, affd 61 NY2d 788; Matter of De Canzio v Kennedy, 67 AD2d 111, lv denied 47 NY2d 709).

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings under the March 25, 1986 indictment charging defendant with manslaughter in the second degree. Mahoney, P. J., Weiss, Mikoll, Crew III and Harvey, JJ., concur.