■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN L. YOUNGS, Appellant. [622 NYS2d 835] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of rape in the third degree, defendant contends for the first time that the integrity of the Grand Jury proceeding was impaired because the indictment was based on perjured testimony and testimony concerning uncharged instances of sexual contact. That contention is unpreserved for review (see, People v Iannelli, 69 NY2d 684, 685, cert denied 482 US 914) and, in any event, is unsupported by the record.

Defendant also contends that his sentence is both unlawful and harsh and excessive. Defendant was sentenced to a determinate term of four months in jail and to five years of probation. Pursuant to Penal Law § 60.01 (2) (d), the total term of jail and probation shall not exceed the maximum term of probation authorized in Penal Law article 65 and the sentence of imprisonment shall run concurrently with the sentence of probation. The sentence of five years of probation is authorized (see, Penal Law § 65.00 [3] [a] [i]). The sentence of imprisonment must be construed to run concurrently with the term of probation. Thus, the sentence is lawful. We also conclude that defendant's sentence is neither unduly harsh nor severe.

We have reviewed defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Yates County Court, Falvey, J.—Rape, 3rd Degree.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.