■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE L. MAYE, SR., Appellant, v DANIEL V. KEATING, as Sheriff of Rensselaer County Jail, et al., Respondents. [639 NYS2d 153] —White, J.

In 1986, petitioner pleaded guilty to manslaughter in the second degree in connection with the death of his wife. That conviction was subsequently reversed by this Court due to a deficiency in the plea allocution (*People v Maye,* 129 AD2d 204). Petitioner was reindicted for murder in the second degree based on the same incident and later convicted of this crime. This latter conviction was then reversed by this Court on double jeopardy grounds (*People v Maye,* 173 AD2d 891, *affd on mem below* 79 NY2d 1041). Thereafter, on June 26, 1992, petitioner pleaded guilty to manslaughter in the second degree in satisfaction of the original 1986 indictment and was sentenced to a "split" sentence under Penal Law § 60.01 (2) (d) consisting of a definite term of six months in jail and five years' probation, with credit for time served on the reversed convictions. In March 1994, petitioner was charged with violating his probation. His probation was subsequently revoked in May 1994 and he was sentenced to a term of imprisonment. Subsequently, petitioner was paroled and then rearrested in January 1995 and charged with a violation of parole. Petitioner then commenced this habeas corpus proceeding, which was denied by Supreme Court. This appeal followed.

Petitioner maintains that County Court had no authority to resentence him in May 1994 after revoking his probation because the prior probationary sentence imposed in June 1992 had either expired or was illegal. Thus, petitioner contends that, if he was not on probation, his probation could not later be revoked and a prison term imposed. Initially, we note that since petitioner could have raised the issue of the alleged impropriety of his May 1994 sentence either upon direct appeal or by means of a CPL article 440 motion, habeas corpus is not an appropriate remedy (see, People ex rel. Sneed v Lacy, 217 AD2d 731, lv denied 86 NY2d 708; People ex rel. Jackson v New York State Dept. of Correctional Servs., 190 AD2d 924, lv denied 81 NY2d 709).

In any event, contrary to petitioner's arguments, his credit for jail time served on his previous reversed convictions could not be applied to the five-year probationary term that was imposed pursuant to the June 1992 sentence since Penal Law § 65.15 (1) provides that a period of probation commences on the date it is imposed (see, People ex rel. Candella v Director of Marcy Psychiatric Ctr., 88 Misc 2d 44, 47). Assuming, arguendo, that the sentence imposed in June 1992 provided that the jail term and probationary term were to run consecutively, the sentence of imprisonment must be construed to run concurrently with the term of probation and thus would not affect the subsequent charge that petitioner violated his probation (see, People v Youngs, 212 AD2d 1001, lv denied 85 NY2d 982).

Petitioner's other claims have been found to be unpersuasive.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.