(November 7, 1996)

■ The People of the State of New York, Respondent, v Edward Mackenzie, Appellant. [649 NYS2d 778] —Judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered May 18, 1993, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him to a prison term of three to six years, as amended by order of the same court and Justice, entered on or about March 20, 1996, which, after a hearing de novo, adhered to the court's prior decision and order denying defendant's motion to vacate the judgment pursuant to CPL 440.10 in its entirety, unanimously affirmed.

After conducting a hearing on defendant's motion to vacate the judgment, the hearing court found that defendant was not misadvised regarding the appealability of his statutory speedy trial claim and that his guilty plea was not induced by erroneous advice on this issue. It made this finding after having observed firsthand the testimony of the defendant and his former counsel. According these findings the appropriate deference due them, we discern no basis to disturb the hearing court's determination that the defendant's decision to plead guilty was motivated by a desire to avail himself of an extremely advantageous plea bargain.

Moreover, defendant has failed to demonstrate that the claimed misadvice, even if it had been rendered, would constitute ineffective assistance of counsel as the record fails to show any merit to the alleged speedy trial violation (see, People v Robideau, 133 AD2d 903, lv denied 71 NY2d 902; People v Divine, 193 AD2d 562, lv denied 82 NY2d 717; People v Minors, 189 AD2d 899; People v De Gaspard, 170 AD2d 835, lv denied 77 NY2d 994; cf., People v Jackson, 224 AD2d 330; People v O'Connell, 133 AD2d 970). Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Mazzarelli, JJ.