■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY THOMAS, Appellant. [661 NYS2d 560] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that his conviction of attempted burglary in the third degree is against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Attempted Burglary, 3rd Degree.) Present—Green, J. P., Pine, Lawton, Doerr and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN L. WALTON, Appellant. [661 NYS2d 561] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the verdict is against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The incorrect initial estimate of defendant's height by the eyewitness raised an issue of credibility for the jury (see, People v White, 192 AD2d 736, 737, lv denied 81 NY2d 1082). "Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (People v White, supra, at 737; see, People v Lopez, 231 AD2d 934).

The sentence is neither unlawful (see, People v Youngs, 212 AD2d 1001, lv denied 85 NY2d 982) nor unduly harsh or severe. (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Doerr and Fallon, JJ.