■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. SKINNER, Appellant. [726 NYS2d 193] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress evidence obtained as a result of his allegedly illegal arrest. After obtaining information from an identified citizen that defendant had just driven into the parking lot of his apartment complex at a high rate of speed and knowing that defendant's license had been revoked as a result of a prior conviction, the officers knocked on the door to defendant's apartment. Defendant answered the door, and walked out onto the concrete pad in front of the door. The officers observed evidence that defendant was intoxicated, i.e., they observed that his eyes were bloodshot and watery and that he was weaving back and forth, and the officers detected a "strong odor" of an alcoholic beverage. When the officers informed defendant that he was under arrest, defendant attempted to reenter his apartment and close the door. The officers entered the apartment, subdued defendant, and arrested him. The court properly held that the officers had probable cause to arrest defendant while defendant was outside his apartment, and defendant could not "defeat an arrest which has been set in motion in a public place by the expedient of escaping into a private place" (People v Lopez [Pedro], 134 AD2d 456, 457, lv denied 70 NY2d 1008; see also, People v Glia, 226 AD2d 66, 71, appeal dismissed 91 NY2d 846).

Following the court's denial of his suppression motion, defendant entered a plea of guilty to driving while intoxicated (Vehi-

cle and Traffic Law § 1192 [3]) and resisting arrest (Penal Law § 205.30). Defendant contends that the court erred in failing to conduct further inquiry after defendant, although admitting that he had been drinking wine prior to driving, denied being intoxicated (*see, People v Lopez,* 71 NY2d 662, 666). Although the court did not conduct further inquiry, the prosecutor and defense counsel engaged defendant in a further lengthy colloquy wherein defendant admitted that he had refused to take a breathalyzer test, knowing that the results could be used against him in court, did not dispute the prosecutor's assertions that the arresting officers reported that defendant smelled of an alcoholic beverage and had glassy eyes and impaired speech, and answered "guilty" when the court asked how he wished to plead to the charge of driving while intoxicated. We conclude that the additional colloquy was sufficient to assure the court that defendant understood the nature of the charge and that the plea was intelligently entered (*see, People v Lopez, supra,* at 666). (Appeal from Judgment of Livingston County Court, Alonzo, J.—Driving While Intoxicated.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.