■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS MONTANEZ, Appellant. [731 NYS2d 721] —Judgment, Supreme Court, Bronx County (Vincent Quattrochi, J., at plea; John Collins, J., at sentence), rendered July 22, 1999, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's challenge to the fact that the prosecutor, rather than the court, conducted most of the plea allocution is a claim requiring preservation (*People v Sanchez*, 284 AD2d 137), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find, as we did in *Sanchez*, that although this practice is not recommended, the court did not improperly delegate its authority by allowing the prosecutor to conduct the plea allocution in its presence and under its supervision, and that there was no impairment of the voluntariness of the plea.

Defendant's argument that the waiver of indictment form was defective because it failed to specify the date, time and place of the offense charged is likewise unpreserved, and is, in any event, forfeited by the guilty plea (*People v Long*, 273 AD2d 67). We would also note the requirements of CPL 195.20 were met since the waiver of indictment and superior court information constituted a single document (*id.*). Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Buckley, JJ.