OPINION OF THE COURT
Patricia M. Di Mango, J.
The defendant, Clarence Holder, has moved before this court for an order, pursuant to section 23 of chapter 738 of the Laws *785 of 2004, to vacate the three concurrent indeterminate sentences of 25 years to life imprisonment imposed against him on March 14, 1990 upon his conviction of three counts of criminal sale of a controlled substance in the first degree, and, upon such vacatur, to be resentenced upon such counts to three concurrent determinate terms of 12 years of imprisonment, leaving the balance of this sentence undisturbed, and with all terms concurrent with one another.
Following a jury trial, Mr. Holder was originally convicted of three counts of criminal sale of a controlled substance in the first degree (an A-I felony offense), criminal sale of a controlled substance in the second degree (an A-II felony offense), criminal sale of a controlled substance in the third degree (a B felony offense), as well as two counts of criminal possession of a controlled substance in the seventh degree (an A misdemeanor). He was sentenced upon these offenses on March 14,1990, pursuant to the then-existing “Rockefeller drug laws.” As a nonviolent second felony offender, the defendant was sentenced to three terms of imprisonment of 25 years to life, 1272 years to life, 772 to 15 years, and two terms of one year, respectively, all to run concurrently with one another (Beldock, J., at trial and sentence).
On December 14, 2004, the Legislature enacted chapter 738 of the Laws of 2004 which amended the Correction Law, Criminal Procedure Law, Penal Law and Executive Law in relation to controlled substances and the indeterminate sentence mandated for convictions thereon. By effectively repealing certain provisions of these laws, the intended result was to ameliorate the impact of some of the harshness of the “Rockefeller drug laws” not only on prospective convictions, but in limited circumstances, retroactively on A-I felony sale convictions as well. This legislation is also referred to as the “Drug Reform Act.”
Seeking to take advantage of these sentencing reforms, Mr. Holder has brought the instant motion pursuant to the “Drug Reform Act” (L 2004, ch 738) to set aside his A-I drug felony sentences of 25 years to life imprisonment, and to be resentenced on each “to a fair and just determinate sentence” in accordance with this new law. Specifically, he urges this court to take into consideration the model character he displayed while in prison and his numerous accomplishments, and to permit him to obtain the benefit of this reformative legislation as it pertains to his A-I felony drug sale convictions. Therefore, in accordance with the new Penal Law § 70.71, the defendant asks this court to *786 vacate his three indeterminate 25 years to life sentences and to resentence him instead, upon those counts, to the new minimum sentence of three concurrent determinate terms of 12 years of imprisonment.
The defendant further contends that, given the length of his incarceration, his demonstrated changed character, his current employment and stable life, his new sentence should not include a term of postrelease supervision. Alternatively, he requests that, if the court must impose the applicable postrelease supervision, he receive credit toward such postrelease supervision with the jail time he has already served. Significantly, the defendant is no longer incarcerated on his sentence — having earned “merit time” for his various accomplishments and exemplary behavior while in prison. He was released to parole on November 30, 2004, after serving 16 years and 8 months in custody on this case since his April 5, 1988 arrest.
The People oppose this application in all respects on the ground that, since the defendant is no longer incarcerated, he is ineligible for the relief of resentencing. The defendant, in turn, disputes the People’s interpretation of the new legislation and maintains that, consonant with the purpose of this legislation, he may be resentenced here.
Based upon the language of the statute as well as its legislative history, the court concludes, for the reasons discussed below, that this defendant is ineligible for resentencing under the Drug Reform Act. Accordingly, the defendant’s motion is denied in all respects. In reaching its decision, the court has read and considered all of the parties’ submissions in support of the motion and in opposition thereto, in addition to hearing oral argument from both sides.
Discussion
The court commences its discussion by observing that, in the absence of specific authorization by law (and assuming no underlying error or mistake), a court may not alter a commenced sentence of incarceration where such sentence is in accordance with law (see, CPL 430.10; see also, People v Richardson, 100 NY2d 847, 850-851 [2003]). Thus, in the matter sub judice, the authorization, if any, for the defendant’s resentencing must be found in the Drug Reform Act.
The Drug Reform Act provides in section 23 that an application for resentencing may be made by “any person in the custody of the department of correctional services convicted of a class A-I *787 felony offense defined in article 220 of the penal law . . . and sentenced thereon to an indeterminate term of imprisonment with a minimum period not less than fifteen years.” (Emphasis supplied.) The court interprets this to mean that only such a person “may . . . apply to be resentenced in accordance with [new] section 70.71 of the penal law.” (Id.) The moving defendant, on the other hand, having been released from custody in November of 2004, is presently under the supervision of the Division of Parole and is not in the custody of the Department of Correctional Services. As Parole and Correctional Services are separate institutions, and as evidenced by separate references to parole where appropriate, the Legislature’s failure to include parole supervision in section 23 is clearly deliberate.
The court’s conclusion is borne out by reference to the Memorandum in Support submitted by the New York State Assembly, which expressly distinguishes between the two groups of sentenced drug felons — those still incarcerated and those presently released on parole (see, 2004 McKinney’s Session Laws of NY, at 2176).
Therefore, as reflected in the legislative history and by the unambiguous and express language of the Drug Reform Act, defendant Holder is ineligible to apply for such resentencing because of his parole status.
Accordingly, this court need not reach defendant’s ancillary application that he not be subject to postrelease supervision which would be statutorily mandated (Penal Law § 70.45 [1], [2]) were he to be resentenced to a lesser, determinate period of incarceration. The court would, nevertheless, observe that, by law, a determinate sentence would be illegal if it did not include the mandatory period of postrelease supervision (see, Penal Law § 70.45 [1]; People v Bell, 305 AD2d 694 [2003], lv denied 100 NY2d 592 [2003]), which, with some exceptions (not applicable to this defendant), is for a period of five years (see, Penal Law § 70.45 [2]). Furthermore, the postrelease supervision statute is devoid of any references or provisions which would permit an inmate to credit time spent in custody prior to his release[1] to postrelease supervision against any portion of his postrelease supervision term, as suggested by this defendant (cf., CPL 70.45 [5] [d]). Thus, even if the defendant were to be resentenced to a *788 determinate term, specifically the 12-year minimum he is seeking, he would also be subject to five years’ postrelease supervision.
Of note, individuals in the defendant’s situation, namely, A-I drug felons who have been released to parole, are not, however, without any relief under the Drug Reform Act. On the contrary, Executive Law § 259-j has been amended by the addition of a new subdivision (3-a), which benefits this defendant by providing for the termination of his lifetime parole after three years’ unrevoked parole,[2] whereas the postrelease supervision provisions applicable to the defendant would extend defendant Holder’s supervision by two years if resentencing were available to him.

. Under totally different circumstances, courts have also rejected applications to have prior jail time credited toward probation terms (see, People v Feliciano, 1 AD3d 163 [2003], lv denied 1 NY3d 571 [2003]; People ex rel. Maye v Keating, 225 AD2d 836, 837 [1996]).

. Note reference to same in the Assembly Memorandum in Support cited supra.