■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. ROBBINS, Appellant. [823 NYS2d 258]—

---

Mercure, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered February 14, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the second degree, the first count of a five-count indictment against him. In connection with the plea, defendant waived his right to appeal. County Court advised defendant of the rights that he was relinquishing as a part of this particular plea bargain, then delegated responsibility for conducting the plea allocution to defense counsel, informing defendant, without obtaining a waiver of the right to counsel, that counsel was "no longer representing you in the sense of protecting you." Defense counsel then conducted the factual portion of the plea allocution. Thereafter, County Court sentenced defendant to eight years in prison followed by five years of postrelease supervision in accordance with the plea agreement. Defendant now appeals, arguing that his plea was not voluntary and that he was denied the effective assistance of counsel.

Defendant's allegations regarding the right to counsel at the plea proceeding implicate the voluntariness of his plea and, thus, they are not precluded by his waiver of the right to appeal (*see People v Wright*, 21 AD3d 583, 583-584 [2005], *lvs denied* 5 NY3d 857 [2005], 6 NY3d 820 [2006]; *People v Bethea*, 19 AD3d 813, 814 [2005]). Moreover, while defendant failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Grant*, 294 AD2d 671, 672 [2002], *lv denied* 98 NY2d 730 [2002]; *People v Goodings*, 277 AD2d 725, 725 [2000], *lv denied* 96 NY2d 735 [2001]), "a violation of the right to counsel may be reviewed in the absence of an objection" (*People v Dean*, 47 NY2d 967, 968 [1979]; *cf. People v Montanez*, 287 AD2d 407, 408 [2001], *lv denied* 97 NY2d 685 [2001]).

Although "[t]he fact that [an] attorney participates in the plea allocution does not . . . necessarily constitute reversible er-

ror" when the allocution is performed under the court's supervision and the right to counsel is adequately safeguarded (*People v Empey*, 141 AD2d 987, 988 [1988]; *see People v Nixon*, 21 NY2d 338, 350 [1967], *cert denied* 393 US 1067 [1969]; *People v Skinner*, 284 AD2d 906, 907 [2001]; *People v Sanchez*, 284 AD2d 137, 137 [2001], *lv denied* 96 NY2d 942 [2001]), we have long criticized the practice of courts delegating the duty to conduct the plea allocution (*see People v Bonneau*, 142 AD2d 890, 890-891 [1988], *lv denied* 73 NY2d 889 [1989]; *People v Maye*, 129 AD2d 204, 205-206 [1987]). Moreover, here, County Court announced that not only did it intend to delegate the allocution in its entirety with respect to the factual basis of the plea but also that, at its urging, counsel would take a position adverse to defendant during a critical stage of the proceedings (*see generally People v Settles*, 46 NY2d 154, 165-166 [1978]; *People v Lewis*, 286 AD2d 934, 935 [2001]; *People v Santana*, 156 AD2d 736, 737 [1989], *lv denied* 79 NY2d 863 [1992]). Under these circumstances, we agree with defendant that his plea was rendered involuntary and, thus, reversal is required.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, guilty plea vacated and matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision.