This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 78
The People &c.,
          Respondent,
        v.
Rasaun Sanders, &c.,
          Appellant.

Mark Diamond, for appellant.
Jennifer Spencer, for respondent.

STEIN, J.:

          In this appeal, we are asked to consider whether a plea colloquy was adequate to effect a valid waiver of the right to appeal by a criminal defendant.  The record here, including the plea colloquy and the other relevant facts, such as proof of defendant's experience and background, is sufficient to uphold

- 1 -

defendant's waiver of his right to appeal was voluntary, knowing and intelligent.

I.

In the course of a May 2009 gang assault of the 16-year-old victim, defendant stabbed the victim in the chest with a knife, killing him.  Upon his arrest, defendant received his Miranda warnings and, after approximately two hours of questioning, admitted to the stabbing.  He was charged in an indictment with murder in the second degree, gang assault in the first degree and criminal possession of a weapon in the third degree.  After defendant's motion to suppress his statements was denied in part, he pleaded guilty on the eve of trial to manslaughter in the first degree and gang assault in the first degree.

During the plea colloquy, County Court set forth the terms of the plea, and the prosecutor conducted the voir dire examination.[1]  The prosecutor discussed the rights normally forfeited upon a plea of guilty, inquired as to whether defendant was pleading voluntarily because he was guilty, and reviewed

---

[1]  The parties have not addressed -- either in this Court or in the courts below -- the fact that the prosecutor, as opposed to the trial court, conducted most of the plea allocution. Although the Appellate Division Departments are divided on the propriety of the delegation of this important function, it has been "long criticized" (People v Robbins, 33 AD3d 1127, 1129 [2006]) and we are troubled by it, as well.  As we noted in People v Nixon (21 NY2d 338, 353 [1967], cert denied 393 US 1067 [1969]), the conduct of the plea allocution is "best left to the discretion of the court."

potential collateral consequences of the plea with him.  The

prosecutor also advised defendant of the consequences he could

face if he failed to voluntarily appear for sentencing or

committed another crime prior thereto.  Regarding the waiver of

the right to appeal, the following exchange then took place

between the prosecutor and defendant:

> "Q  Do you understand that as a condition of
> this plea you are waiving the right to appeal
> your conviction and sentence to the Appellate
> Division Second Department?
> A  Yes.
> Q  Have you discussed this waiver of the
> right to appeal with your attorney?
> A  Yes.
> Q  In consideration of this negotiated
> plea[,] do you now voluntarily waive your
> right to appeal your conviction and sentence
> under this indictment?
> A  Yes."

Immediately thereafter, the prosecutor asked defense

counsel whether he was "withdraw[ing] all motions made by you

whether pending or decided?"  Counsel responded "Yes, withdrawn."

The prosecutor conducted the factual allocution and the court

accepted the plea.  Defendant was thereafter sentenced, as a

predicate violent felony offender, to an aggregate term of 20

years in prison, to be followed by five years of postrelease

supervision.

Defendant filed a pro se notice of appeal.  The

Appellate Division, Second Department affirmed, concluding that

defendant's valid waiver of the right to appeal barred his

challenge to County Court's suppression ruling (112 AD3d 748,

748-750 [2013]).  A dissenting Justice of the Appellate Division granted defendant leave to appeal, and we now affirm.

## II.

In People v Seaberg, this Court recognized for the first time that a defendant may waive his or her statutory right to an initial appeal, provided that the waiver is "not only . . . voluntary but also knowing and intelligent" (74 NY2d 1, 11 [1989]).  We explained that a trial court must review the waiver and "determine[] [whether] it meets those requirements by considering all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused" (id.; see People v Calvi, 89 NY2d 868, 871 [1996]; People v Callahan, 80 NY2d 273, 280, 283 [1992]).  The trial court must also ensure that defendant's "full appreciation of the consequences" and understanding of the terms and conditions of the plea, including a waiver of the right to appeal, are apparent on the face of the record (Seaberg, 74 NY2d at 11; Callahan, 80 NY2d at 280).  In that regard, we emphasized in Seaberg that the trial "court should have required [the defendant] to state his understanding and acceptance" of the details of the plea bargain on the record (74 NY2d at 11); nevertheless, we upheld the waiver in that case despite the fact that the defendant did not personally participate in the court's colloquy with his counsel, given the other relevant facts on the record that demonstrated the

defendant's understanding of the waiver (see id. at 11-12; see also People v Moissett, 76 NY2d 909, 911 [1990]).

Although we have since "underscore[d] the critical nature of a court's colloquy with a defendant explaining the right relinquished by an appeal waiver" (People v Lopez, 6 NY3d 248, 253 [2006]), we have continued to require assessment of all of the relevant factors surrounding the waiver, including the experience and background of the accused (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]).  Moreover, we have never abandoned our oft-stated instruction that "a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned" (Lopez, 6 NY3d at 256; see Bradshaw, 18 NY3d at 265; People v Kemp, 94 NY2d 831, 833 [1999]; Callahan, 80 NY2d at 283).  Contrary to defendant's argument, this Court has not -- in People v Nicholson, a companion case decided with Lopez, or in any other case -- set forth the absolute minimum that must be conveyed to a pleading defendant in the plea colloquy in order for the right to appeal to be validly waived.  We have long rejected that approach on the ground that "a sound discretion exercised in cases on an individual basis is best rather than to mandate a uniform procedure which, like as not, would become a purely ritualistic device . . . [that] eliminate[s] thinking" (People v Nixon, 21 NY2d 338, 355 [1967], cert denied 393 US 1067 [1969]).

III.

With those principles in mind, we conclude that the record before us sufficiently demonstrates that defendant knowingly and intelligently waived his right to appeal. There is no meaningful distinction between the plea colloquy here and the colloquy upheld in <u>Nicholson</u>, in which defendant acknowledged his understanding that he was "giving up [his] right to appeal, that is, to take to a higher court than this one any of the legal issues connected with this case" (<u>Nicholson</u>, 6 NY3d at 254). As in <u>Nicholson</u>, the plea colloquy here was sufficient because County Court adequately described the right to appeal without lumping it into the panoply of rights normally forfeited upon a guilty plea. In fact, the People went even further in this case and obtained defendant's confirmation that he had discussed the waiver of the right to appeal with his attorney and that he was waiving such right in consideration of his negotiated plea, as well as counsel's confirmation that all motions pending or decided were being withdrawn. Thus, while the better practice would have been to define the nature of the right to appeal more fully -- as the court did in <u>Nicholson</u> -- the Appellate Division correctly determined that no further elaboration was necessary on the phrase "right to appeal your conviction and sentence to the Appellate Division Second Department" in view of the whole colloquy, particularly given this defendant's background, including his extensive experience with the criminal justice system and multiple prior guilty pleas that resulted in terms of

imprisonment.[2]

Under these circumstances, defendant's valid, general waiver of the right to appeal precludes his challenge to County Court's adverse suppression ruling (see Kemp, 94 NY2d at 833). Accordingly, the order appealed from should be affirmed.

---

[2] While the factors raised by the dissent -- whether a defendant has previously entered a guilty plea waiving rights to appeal, signed a written appeal waiver or taken a prior appeal -- certainly would be relevant to determining defendant's understanding of the terms of a waiver, this Court's review of a defendant's background, as it impacts upon the validity of an appeal waiver, has not been so confined (see People v Bradshaw, 18 NY3d 257, 265-266 [2011]; People v Seaberg, 74 NY2d 1, 11-12 [1989]).  Here, as reflected in the transcript of the Sandoval hearing and the violent predicate felony conviction statement submitted to the court, defendant was 27 years old at the time of the plea and had a criminal history that stretched back 10 years. His prior convictions obtained upon guilty pleas, include a 2003 violent felony in New York, as well as federal, New Jersey and Pennsylvania convictions.  Defendant was also convicted of a federal felony while on parole and was on supervised release at the time of the stabbing in this case.

People of the State of New York v Rasaun Sanders

No. 78

RIVERA, J.(dissenting):

For the reasons set forth in the dissent below, I would find defendant's waiver invalid under our prior precedent and, accordingly, I would remit the matter to the Appellate Division for consideration of the merits of his suppression claim. I write separately to briefly address the majority's treatment of two significant issues.

First, the majority concludes "there is no meaningful distinction" between the plea colloquy challenged on this appeal and the colloquy this Court found sufficient in People v Nicholson (see majority op at 6). However, the majority acknowledges the trial court here could have "define[d] the nature of the right to appeal more fully -- as the court did in Nicholson" (id. at 7). Nevertheless, the majority concludes that defendant's plea colloquy, with its reference to waiver of an appeal from his "conviction and sentence to the Appellate Division Second Department" is legally sufficient because of defendant's "background and extensive experience with the criminal justice system" (id.).

I disagree with the majority's suggestion that a defendant's prior criminal record alone can cure a deficient plea

- 1 -

allocution.  While defendant's age, experience and background are factors to be considered in determining whether defendant's waiver is knowing and intelligent (see People v Seaberg, 74 NY2d 1, 11 [1989]), we have never before held that a defendant's criminal history, regardless of its length, is dispositive of the defendant's understanding of the plea.  A defendant's criminal background history is but one factor and cannot fill in the gaps when the colloquy fails to properly apprise a defendant of the rights abandoned by entering a plea agreement (see id. [the court must determine "all relevant facts and circumstances surrounding the waiver"]).  Nor can the defendant's record absolve a court from its responsibility to ascertain that defendant understands the nature of the rights waived (see People v Lopez, 6 NY3d 248, 256 [2006]).  Otherwise, taken to its logical conclusion, in cases involving a defendant with a prior record, the majority's approach would negate the need for the type of "fuller colloquy" this Court sanctioned in Nicholson, indeed the need for any colloquy.  Certainly our precedent neither permits or intends such outcome.

This is not to say a defendant's prior background is irrelevant; we have expressly stated otherwise (see Seaberg, 74 NY2d at 11).  However, the extent to which the defendant's criminal history is a relevant factor regarding the defendant's understanding of the specifics of the plea and the rights waived, depends, for example, on whether a defendant has previously

entered a plea waiving rights to appeal, signed a written waiver of such rights, and actually gone through an appellate process. That information is simply lacking in the record before us. As observed by the dissent below, the record fails to establish what defendant understands of his right to appeal based on his prior experiences (see People v Sanders, 112 AD3d 748, 753 [2d Dept 2013] [Hall, J. dissenting] ["Indeed, whatever information the defendant was, or was not, provided with regard to his right to appeal in those prior criminal proceedings is not in this record. As a result, this Court is forced to speculate that the defendant gained an understanding of the nature of his right to appeal from his prior contacts with the criminal justice system"]).

Second, as a point of clarification, and like the majority, I too find "troubling" a trial court's delegation of the plea allocution to the prosecutor (see majority op at 2 n 1). As the majority correctly states, under this Court's precedent "the plea allocution is 'best left to the discretion of the court'" (see id., citing People v Nixon, 21 NY2d 338, 353-354 [1967], cert denied 393 US 1067 [1969]; see also Lopez, 6 NY3d at 256, citing People v Callahan, 80 NY2d 273, 280 [1992] [stating a trial court "must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record"]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed.  Opinion by Judge Stein.  Chief Judge Lippman and
Judges Read, Pigott, Abdus-Salaam and Fahey concur.  Judge Rivera
dissents in an opinion.


Decided June 9, 2015