THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAQUIN JOHNSON, Appellant. [35 NYS3d 375]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered December 11, 2014, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

"A waiver of the right to appeal may be elicited as a condition of a plea bargain" (*People v Johnson*, 14 NY3d 483, 486 [2010]; *see People v Seaberg*, 74 NY2d 1, 5 [1989]). However, such a waiver "will not be enforced unless it was knowingly, intelligently and voluntarily made" (*People v Callahan*, 80 NY2d 273, 280 [1992]; *see People v Lopez*, 6 NY3d 248, 256 [2006]). For a waiver of the right to appeal to be valid, the defendant must understand that a waiver of the right to appeal is distinguishable from a forfeiture of certain rights which occurs as a consequence of a plea of guilty, such as the right to remain silent, the right to confront one's accusers, and the right to a jury trial (*see People v Lopez*, 6 NY3d at 256; *see also People v Gordon*, 127 AD3d 1230, 1231 [2015]; *People v Cantarero*, 123 AD3d 841, 841 [2014]; *People v Jacob*, 94 AD3d 1142, 1143-1144 [2012]; *People v Mayo*, 77 AD3d 683, 684 [2010]).

Here, at the time that the defendant entered his plea of guilty, his attorney told the Supreme Court that he had informed the defendant, among other things, that "he has to waive his right to appeal." Defense counsel's indication to the defendant that waiving the right to appeal is mandatory rather than a right that could be voluntarily relinquished was not cor-

rected by the court or the prosecutor (*see e.g. People v Pelaez*, 100 AD3d 803, 803 [2012]). The later allocution of the defendant with respect to the waiver of the right to appeal also failed to correct defense counsel's earlier misstatement (*see People v Moyett*, 7 NY3d 892, 892-893 [2006]; *People v Pelaez*, 100 AD3d at 803; *see also People v Salgado*, 111 AD3d 859, 859 [2013]). Accordingly, under these circumstances, the defendant's appeal waiver was invalid (*see People v Moyett*, 7 NY3d at 892-893; *People v Pelaez*, 100 AD3d at 803).

Nonetheless, there is nothing in the record to suggest that the defendant's plea of guilty was not knowing, voluntary, and intelligent (*see People v Bethune*, 91 AD3d 966, 967 [2012]; *People v Smith*, 306 AD2d 210, 211 [2003]; *People v Montanez*, 287 AD2d 407, 408 [2001]; *People v Sanchez*, 284 AD2d 137 [2001]; *People v Anthony*, 188 AD2d 477, 477 [1992]; *People v Empey*, 141 AD2d 987, 988 [1988]). The defendant's contention that the plea was rendered involuntary because the plea allocution was primarily conducted by the prosecutor is without merit. Here, the Supreme Court conducted the initial voir dire and, to the extent that the prosecution directed questions to the defendant as part of the allocution, the court supervised such voir dire and interjected with clarifications and questions to the defendant (*see People v Fowler*, 111 AD3d 958, 958 [2013]; *People v Bethune*, 91 AD3d at 966-967; *cf. People v Sanders*, 25 NY3d 337 [2015]).

The defendant's remaining contention is without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.