People v Valentin (2019 NY Slip Op 06808)





People v Valentin


2019 NY Slip Op 06808


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-12901
 (Ind. No. 17-00305)

[*1]The People of the State of New York, respondent,
v
Jonathan Valentin, appellant.


Scott M. Bishop, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered November 9, 2017, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and unlawfully fleeing a police officer, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing and voluntary because the County Court failed to advise him, at the time of his plea, that it would issue an order of protection in favor of the victims, is without merit (see People v Deal, 115 AD3d 975, 976; People v Beckers, 94 AD3d 774; People v Margillo, 69 AD3d 655; People v Dixon, 16 AD3d 517).
The defendant contends that his appeal waiver was invalid, and that the invalidity of the appeal waiver nullifies the entire plea agreement. Contrary to the defendant's contention, his appeal waiver was valid (see People v Sanders, 25 NY3d 337, 341-342; People v Moye, 170 AD3d 1198; People v Ramos, 164 AD3d 922; People v Martinez, 155 AD3d 1063). In any event, the invalidity of an appeal waiver does not automatically result in the vacatur of the underlying plea of guilty (see People v Johnson, 140 AD3d 1188, 1189; People v Pelaez, 100 AD3d 803, 804).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court